Donald FRANCISCO, Plaintiff,

v.

Bernhart SCHMIDT, Raymond True, Bud Kolwitz and Donald Balch, Defendants.

Civ. A. No. 81-C-44.

United States District Court,
E. D. Wisconsin.

Feb. 23, 1982.

Matthew R. Robbins, Milwaukee, Wis., for plaintiff.

Joseph P. Stadtmueller, U. S. Atty. by James Wm. Morrison, Asst. U. S. Atty., Milwaukee, Wis., and Guido J. Casari, Jr., Colonel, USAF, Allen W. Rigsby, Jr., Major, USAF, Gen. Litigation Div., Alexandria, Va., for defendants.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff Donald Francisco has brought this action upon authority under

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The plaintiff seeks damages as well as backpay and reinstatement to his job as a civilian electrician for the Department of the Air Force. Named as defendants are Bernhart Schmidt, a civilian employee of the Department of the Air Force who is Operations and Maintenance Foreman of Base Civil Engineering at General Billy Mitchell Field, Milwaukee, Wisconsin; Raymond True, a civilian employee of the Department of the Air Force who is Base Civil Engineer at the same air field; Bud Kolwitz, a civilian employee of the Department of the Air Force who is Chief of Resources and Requirements of Base Civil Engineering at the same air field; and Brigadier General Donald Balch, who is the Commander of the 440th Tactical Airlift Wing at the same air field.

Presently before the Court are the defendants' motions for dismissal of the complaint and for summary judgment. For the reasons that follow, the motion to dismiss will be granted subject to further conditions and the motion for summary judgment will be granted in part and denied in part.

## I. Factual Background

The materials submitted to the Court in connection with the pending motions consist of the affidavits of the plaintiff, Mark Button, Brigadier General Balch, Kolwitz, Payne, as well as samples of the plaintiff's job evaluations, his administrative record, and a letter from the office of the Special Counsel. A review of these materials reveals the following factual background for consideration of the defendants' motion for summary judgment.

Initially, the plaintiff was hired on January 22, 1980, to a position as an electrician for the United States Army at Fort McCoy, Wisconsin. His first year at this position was a probationary period. Subsequently, on March 17, 1980, the plaintiff was hired and transferred to a new position as an electrician for the United States Air Force at General Billy Mitchell Field. The first year at this position was a probationary period, but the plaintiff was given credit toward completion of this probationary period from January 22, 1980.

In May 1980, the plaintiff became concerned about the misappropriation of government property, misuse of government property, and mismanagement at the air field. He spoke out about these problems, and upon learning that others were also concerned about these problems, he encouraged others to speak out also. Initially, the plaintiff spoke out about these problems to his superiors, Kolwitz and Schmidt. Later, he and two fellow employees, Ron Koplin and Mark Button, spoke out to Brigadier General Balch, and wrote to Senator Proxmire and to other Air Force officials about these problems. This resulted in an investigation of the air field by the Air Force Office of Special Investigations. Although Brigadier General Balch had originally told the plaintiff that his statements would be kept confidential and that there would be no retaliation against him for his statements, Schmidt and Kolwitz soon learned of the plaintiff's statements to higher Air Force and governmental officials and then commenced a program of retaliation against the plaintiff for his statements.

An examination of the plaintiff's administrative record reveals that approximately two months into his job with the Air Force, on May 28, 1980, the plaintiff was given a letter of warning by Schmidt for lack of cooperation in working with other personnel, insubordination, refusal to comply with proper orders, and making malicious, unfounded statements. Approximately four months after he was given that letter of warning, on September 3, 1980, plaintiff was notified by Schmidt that plaintiff would be separated from his job with the Air Force based on his insubordination, uncooperativeness, and failure to follow directions. Brigadier General Balch revoked the notice of separation, however. Approximately one month later, on October 9, 1980, plaintiff was given a notice of reprimand by True for use of abusive language, insubordi-

nation, uncooperative attitude, failure to follow directions, and lack of technical competence. Finally, approximately one month later, on November 7, 1980, plaintiff was again notified by Schmidt that plaintiff would be separated from his job with the Air Force based on his using abusive language, insubordination, uncooperative attitude, failure to follow directions, and technical competence [sic].

The plaintiff availed himself of the right to request a review of his separation by True and the right to submit in writing reasons as to why he believed that his separation was unwarranted. True, after reviewing the plaintiff's written submission and after hearing both the plaintiff and Button on why the plaintiff should be retained in his employment, informed the plaintiff by letter dated November 18, 1980, that the latter should be separated from his employment with the Air Force on November 21, 1980.

## II. The Defendants' Motions to Dismiss the Complaint

Several grounds are advanced by the defendants in support of their motions to dismiss the complaint. Those grounds are: (1) insufficiency of service of process; (2) failure to join a party under Rule 19, Federal Rules of Civil Procedure; (3) lack of subject matter jurisdiction; and (4) failure to state a claim upon which relief can be granted. The first three grounds for dismissal of the complaint will be discussed in turn. The fourth ground for dismissal shall be treated as one for summary judgment because matters outside the pleadings were presented to and not excluded by the Court. See *Francisco v. Schmid* Case No. 81–C–44 (E.D. Wis., March 16, 1981).

### A. Whether the complaint should be dismissed for insufficiency of service of process

■ The plaintiff has alleged that at all times and in all respects relevant to his allegations, all defendants acted under color of legal authority or in their official capacity. Complaint ¶¶ 3, 4, 5, & 6. Where defendant federal officers are sued either in their official capacities or for actions taken under color of legal authority, the service of the summons and complaint shall be made under Rule 4(d)(5) Federal Rules of Civil Procedure. *Lawrence v. Acree*, 79 F.R.D. 669, 671 (D.C.D.C.1978). Rule 4(d)(5) requires that service of a copy of the summons and complaint shall be made upon the United States as well as upon the federal officer. Rule 4(d)(4) governs service of the summons and complaint upon the United States, requiring that service of a copy of the summons and complaint be made upon both the United States Attorney for the district in which the action is brought and the United States Attorney General.

A review of the entire record reveals that neither the United States Attorney General nor the United States Attorney for the Eastern District of Wisconsin has been served with a copy of the summons and complaint. Accordingly, the complaint should be dismissed for insufficiency of service of process, subject to the further conditions noted in the order below.

### B. Whether the complaint should be dismissed for failure to join a party under Rule 19

Rule 19(a), Federal Rules of Civil Procedure, describes a party who shall be joined as one: (1) in whose absence complete relief cannot be accorded among those already parties, or (2) who claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the plaintiff cannot join an absent party who should be joined under Rule 19(a), the Court must then determine under Rule 19(b) whether, in equity and good conscience, the action should proceed among the parties before it or should be dismissed because the absent party is indispensable.

■ The defendants contend that indispensable parties have not been joined and that it is impossible for the plaintiff to

obtain the relief sought in the absence of the United States and federal officials who can be ordered to reinstate the plaintiff in the event the Court ruled in the plaintiff's favor. This contention is without merit. First, the United States is not an indispensable party to a *Bivens* action. In the event that this Court held that the United States was an indispensable party to a *Bivens* action, that holding plus the doctrine of sovereign immunity would preclude the action. Second, the defendants' reliance on *Yates v. Manale*, 341 F.2d 294 (5th Cir. 1965), is misplaced. In that case, unlike the case at bar, the record before the Court must have demonstrated that the absent United States Civil Service Commissioners could have reinstated the appellant Yates to her civil service position. Here, the record does not demonstrate that the plaintiff could be restored to his position by members of the Merit Systems Protection Board. Indeed, as will be discussed below, the record does not demonstrate that the plaintiff could even appeal to the Merit Systems Protection Board. Here also, the record does not support any claim that the defendants could not reinstate the plaintiff to his position. Thus, the Court concludes that neither the United States nor unnamed federal officers are an absent person under Rule 19(a); consequently, the Court need not address whether the action would proceed among the parties before the Court under Rule 19(b).

C. *Whether the complaint should be dismissed for lack of subject matter jurisdiction for the reason that the plaintiff has failed to exhaust administrative remedies*

■ As stated in *Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–1472, 64 L.Ed.2d 15 (1980), a *Bivens* remedy exists against a federal agent in federal court unless one of the following two exceptions exist:

"* * * The first is when defendants demonstrate 'special factors counselling hesitation in the absence of affirmative action by Congress.' [*Bivens*] 403 U.S., at 396 [91 S.Ct., at 2005]; *Davis v. Passman*, 442 U.S. 228, 245 [99 S.Ct. 2264, 2277, 60 L.Ed.2d 846] (1979). The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective. *Bivens*, supra [403 U.S.], at 397 [91 S.Ct., at 2005]; *Davis v. Passman*, 442 U.S., at 245–247 [99 S.Ct., at 2277–2278]."

Relying on *Bishop v. Tice*, 622 F.2d 349 (8th Cir. 1980), the defendants contend that Congress has provided an alternative remedy designed to adjudicate the claims of dismissed federal employees. Under the circumstances of this case, their reliance on *Bishop v. Tice*, supra, is misplaced. While it is true that Congress has provided an administrative scheme to adjudicate the claims of terminated federal probationary employees, see 5 C.F.R. §§ 315.801–.806 (1980), this administrative scheme is of no use to the plaintiff.[1] To be sure, by its very terms, § 315.806 does not afford appeal rights to the Merit Systems Protection Board for a probationary employee who alleges that his termination was based on the exercise of First Amendment rights.[2] Moreover, even if the provisions of § 315.-806 were applicable, the only relief they afford is reinstatement, back pay, and the

---

1. The Court intimates no view on whether Congress had explicitly declared the administrative scheme governing probationary federal employees to be a substitute for a *Bivens* remedy.

2. Section 315.806 of 5 C.F.R., dealing with appeal rights to the Merit Systems Protection Board, provides:

"(a) *Right of appeal.* An employee may appeal to the Merit Systems Protection Board in writing an agency's decision to terminate him under § 315.804 or § 315.805 only as provided in paragraphs (b) and (c) of this section. The Merit Systems Protection Board review is confined to the issues stated in paragraphs (b) and (c) of this section.

"(b) *On discrimination.* An employee may appeal under this paragraph a termination not required by statute which he or she alleges was based on partisan political reasons or marital status.

"(c) *On improper procedure.* A probationer whose termination is subject to § 315.805

opportunity to clear one's name, see *Sonntag v. Dooley*, 650 F.2d 904 at 907 (7th Cir. 1981); *Bishop v. Tice*, supra, at 356–57, not damages.

The fact that this Court rejects defendants' contention that Congress has provided an alternative remedy does not end the Court's inquiry into whether a *Bivens* remedy exists. Special factors counseling hesitation in the absence of affirmative action by Congress will also defeat a *Bivens* remedy in a particular case. *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980). No special factors are advanced by the defendants. Thus, the defendants have not demonstrated special factors counseling hesitation under *Carlson*.

In sum, neither exception under *Carlson* applies to this case. Thus, the Court concludes that the complaint should not be dismissed for lack of subject matter jurisdiction.

### III. *The Defendants' Motion for Summary Judgment*

As noted above, the defendants moved to dismiss the complaint on the ground that the complaint failed to state a claim upon which relief can be granted. Because matters outside the pleadings were presented to and not excluded by the Court, their motion to dismiss shall be treated by the Court as one for summary judgment. See *Francisco v. Schmidt*, Case No. 81–C–44 (E.D.Wis. Mar. 16, 1981). Two grounds are advanced by the defendants in support of their motions for summary judgment: (1) that upon no state of the facts as shown by the proof could the plaintiff recover on any of the causes of action alleged in the complaint; and (2) that the defendants are entitled to the defense of absolute immunity from suit for their actions in this case. These grounds will be discussed seriatim.

In addition to the facts recited previously, the declarations of the plaintiff and Button and the exhibits submitted by the plaintiff provide the factual background for consideration of the defendants' motions for summary judgment. The declarations of the plaintiff and Button and the exhibits submitted by the plaintiff directly contradict the contents of the plaintiff's administrative record. In fact, this evidence supports a finding that, during his period of employment with the Air Force, the plaintiff satisfactorily performed the work which was assigned to him and regularly received favorable evaluations of his work. The Court has carefully considered the entire record. In short, the evidence presented to the Court establishes a genuine issue of fact as to why the plaintiff was separated from his employment with the Air Force. The plaintiff's contentions, if proved, would support a finding that the defendants conspired to and succeeded in terminating his employment because the plaintiff had written to and had spoken with high officials at the air field and Senator Proxmire concerning mismanagement, waste of government funds, and misappropriation of government property at the air field, not because of the way the plaintiff had performed his work. The defendants' contentions, if proved, would support a finding that the plaintiff's work habits and personality were the cause for his termination from employment with the Air Force.

Summary judgment is appropriate only if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976); Rule 56(c) Federal Rules of Civil Procedure. The burden is upon the moving party to show that there is no issue of material fact in dispute, *Rose v. Bridgeport*, 487 F.2d 804, 808 (7th Cir. 1973), and all doubts as to the existence of an issue of

may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section.

"(d) An employee may appeal to the Board under this section a termination which the employee alleges was based on discrimination because of race, color, religion, sex, or

national origin; or age, provided that at the time of the alleged discriminatory action the employee was at least 40 years of age; or physical handicap, only if such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section."

material fact in dispute must be resolved against the movant. *Moutoux Gulling Auto Electric, Inc.*, 295 F.2d 573, 577 (7th Cir. 1961). The Court, in passing on a motion for summary judgment, may only determine whether there exists an issue of material fact in dispute; it is not permitted to resolve that dispute. *Dreher v. Sielaff*, 636 F.2d 1141, 1143 n. 4 (7th Cir. 1980).

Evaluated against these standards, it would be premature to deny the plaintiff relief at this stage in the proceedings unless "it is clear that upon no conceivable state of facts as shown by the proof could a plaintiff recover." *Murray v. City of Chicago*, 634 F.2d 365, 366 (7th Cir. 1980).

A. *Whether upon any state of the facts as shown by the proof the plaintiff could recover on any of the causes of action alleged in the complaint*

■ Damages suits against federal officials for violations of the Constitution were first authorized under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Since then, the Supreme Court in *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), specifically extended the *Bivens* remedy to cover violations of Fifth Amendment rights, and several lower courts specifically extended the *Bivens* remedy to cover violations of First Amendment rights. See, e.g., *Dellums v. Powell*, 566 F.2d 167 (D.C.Cir.1977); *Paton v. LaPrade*, 524 F.2d 862 (3rd Cir. 1975). A *Bivens* remedy does not provide any substantive rights; it merely creates a remedy for violations of constitutional rights by federal officials. In addition, the remedy is always against individual federal officials because the sovereign still remains immune to suit. *Bivens*, supra, 403 U.S., at 410, 91 S.Ct., at 2012 (Harlan, J., concurring).

The plaintiff alleges that his suit arises under both the First and Fifth Amendments to the United States Constitution. To determine whether the plaintiff has established any deprivation of his constitutional rights, the Court must analyze carefully the exact nature of the constitutional right asserted and the alleged interference with that right by the defendants.

■ First, the plaintiff's First Amendment claim can be reduced to his contention that the defendants conspired to and succeeded in terminating his employment with the Air Force because the plaintiff had written to and had spoken with high officials at the air field and Senator Proxmire concerning mismanagement, waste of government funds, and misappropriation of government property at the air field. This allegation, if proved, establishes a deprivation for the exercise of First Amendment rights. See, e.g., *Foster v. Ripley*, 645 F.2d 1142, 1148 (D.C.Cir.1981); *Huffstutler v. Bergland*, 607 F.2d 1090 (5th Cir. 1979); *Ring v. Schlesinger*, 502 F.2d 479 (D.C.Cir. 1974). It follows that this Court cannot hold as a matter of law that upon any state of the facts as shown by the plaintiff's affidavit that he could not recover on his cause of action under the First Amendment.

Second, the plaintiff's Fifth Amendment claim can be reduced to an allegation that the defendants' actions caused:

" * * * the loss of his employment, injury to his reputation, mental and physical harm, loss of enjoyment of life and injury to his standing in the community." (Complaint ¶ 18)

Stated in this manner, the plaintiff's Fifth Amendment claim is controlled by the line of principles laid down in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In *Roth*, the Supreme Court held that a state's refusal to rehire a non-tenured faculty member without providing him with a hearing or an explanation of the reasons therefor was permissible. The terminated faculty member had no property interest in continued employment at the expiration of his one-year contract:

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. * * * To have a property in-

terest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. * * * Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. * * *" *Board of Regents v. Roth,* supra, 408 U.S. at 569, 577–78, 92 S.Ct., at 2705, 2709–2710.

Quite apart from the fact that the Supreme Court did not find that there had been any violation of the plaintiff's property rights, the Supreme Court stated that if the state had made "any charge against him that might seriously damage his standing and associations in the community," 408 U.S. at 573, 92 S.Ct. at 2707, the due process requires that he be afforded the opportunity to refute that charge. *Id.* Charges that might seriously damage an individual's good name, reputation, honor, integrity, or his freedom to take advantage of other employment opportunities would include charges of dishonesty or immorality. *Id.*

The scope of the opportunity to refute a charge was clarified in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In *Paul v. Davis,* supra, the Supreme Court held that stigmatizing actions by the local police chief, who distributed hand bills labelling the plaintiff as an active shoplifter when he had been arrested but not convicted, failed to implicate a constitutionally protected liberty interest. The Court stated:

"* * * The words 'liberty' and 'property' as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law. While we have in a number of our prior cases pointed out the frequently drastic effect of the

'stigma' which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause. * * *" 424 U.S. at 701, 96 S.Ct. at 1160.

■ Applying the *Roth* and *Paul v. Davis* standards to the facts in the case at bar, the Court is convinced that upon no state of the facts as shown by the proof could the plaintiff recover for a deprivation of any Fifth Amendment rights. It is difficult to see how the plaintiff can argue that he has any property interest in probationary employment or that he has suffered a deprivation of any constitutionally protected liberty interest. See, *Foster v. Ripley,* 645 F.2d 1142, 1150 (D.C.Cir.1981). In any event, the Court is of the opinion that the plaintiff received all the process that was due.

B. *Whether the defendants are entitled to the defense of absolute immunity from suit for their actions in this case.*

■ The defendants argue that they are absolutely immune from suit since their actions leading to the plaintiff's termination from employment share enough of the characteristics of the judicial process to justify absolute immunity from suit. This argument is unpersuasive. In the Court's view, these defendants are not entitled to absolute immunity from suits. *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978) sets forth the functional comparison of roles test; under this test, if an officer's role is functionally comparable to that of a judge, the officer should be immune from suits for damages. Simply put, the roles of the defendants and that of a judge are not functionally comparable. Their daily tasks do not involve the adjudication of specific cases or controversies. For example, besides acting as a hearing examiner on the plaintiff's appeal from his notice of separation from federal em-

ployment, True's daily tasks involve civil engineering. And the fact that True reprimanded the plaintiff on a previous occasion raises concern on whether True exercised an independent judgment on the merits of the plaintiff's appeal.

The defendants' reference to *Tigue v. Swaim*, 585 F.2d 909, 914 (8th Cir. 1978), is unavailing since that case, unlike the case at bar, involved considerations of national security and dangers inherent in the handling of nuclear weapons.

In summary and in accordance with the foregoing,

IT IS ORDERED that the defendants' motion to dismiss the complaint because of insufficiency of service of process is granted and that the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that the order of dismissal of the complaint is stayed for a period of twenty days from the filing date of this order, and if during that time the plaintiff properly serves the United States pursuant to Rule 4(d)(5) of the Federal Rules of Civil Procedure and if he returns to the clerk of this court service of process receipts, then the order of dismissal will be vacated.

IT IS FURTHER ORDERED that the defendants' motion to dismiss the complaint because of failure to join a party under Rule 19 is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment is granted respecting plaintiff's claims made under the Fifth Amendment, but is denied respecting plaintiff's claims made under the First Amendment.