The CITY OF CHICAGO, a Municipal Corporation, Plaintiff,

v.

RELIABLE TRUCK PARTS CO., INC., Dave Kaplan, LeRoy Kaplan, Edward R. Brandwein, and William Koehler, Defendants.

No. 88 C 1458.

United States District Court, N.D. Illinois, E.D.

June 14, 1991.

Joel D. Stein, Kelly Raymond Welsh, Stanley Arthur Berman, Stuart D. Fullerton, Mary Francis Harkenrider, City of Chicago Law Dept., Corp. Counsel, Judson H. Miner, Davis, Miner, Barnhill and Galland, P.C., Chicago, Ill., for plaintiff.

Alan Rosen, Marcia Topper Wolf, Norman Terry Finkel, Young, Hauslinger & Rosen, Marilyn I. Kosin, Towbin & Zazove, Ltd., Stuart Philip Krauskopf, Cassiday, Shade & Gloor, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

At issue is whether a corporate defendant with no Fifth Amendment privilege against self-incrimination may be compelled to provide additional deposition testimony as to information that can only be obtained from individual co-defendants, all of whom are corporate officers and employees who have asserted their Fifth Amendment privilege. The corporate defendant, Reliable Truck Parts Co., Inc. (Reliable), has filed objections to the February 8, 1991 decision and order of Magistrate Judge Lefkow granting a motion to compel filed by plaintiff, the City of Chicago (City). For the following reasons, this court sets aside that decision and order as contrary to law.

## BACKGROUND

The facts underlying this litigation have been set forth in prior memoranda and orders issued by this court.[1] The City's amended complaint alleges that Reliable and certain of its officers and employees—LeRoy Kaplan, its president; David Kaplan, its primary shareholder and former president; Edward Brandwein, its secretary and treasurer; and William Koehler, a salesman who often processed City orders—defrauded the City by charging inflated prices for truck parts. From the inception of the litigation, the allegations made by the City in this civil suit have also been the subject of a grand jury investigation targeting the defendants. All of the individual defendants have asserted their Fifth Amendment privilege against self-incrimination.

The City served Reliable with a notice of deposition in December 1989, pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition was to cover:

1) The preparation of Reliable's bids on any and all contracts between the City and Reliable.

2) The negotiation of any and all contracts between the City and Reliable.

3) The administration, execution, and monitoring of any and all contracts between the City and Reliable (this includes the processing of orders received from the City, delivery of orders to the City, as well as billing of orders made by the City).

4) Reliable's procedures for processing and billing orders for customers other than the City during the period from 1978 through the present.

5) Reliable's recordkeeping procedures for accounting, processing of customer accounts, and inventory control

---

1. These prior rulings were issued on November 21, 1988, and March 30, 1989.

during the period 1978 through the present.

6) Reliable's corporate structure as well as Reliable's relationship to Reliable Trailer Parts Co. Inc. and Reliable Supply and Equipment Co. Inc.

7) Duties and functions performed by Reliable's officers and employees from 1978 through the present.

8) Reliable's financial condition during the period from 1978 through the present.

(Ex. A, City's Motion to Compel). After some initial delay in naming a deponent who could testify without fear of self-incrimination, Reliable designated an outsider, Ronald Brandwein, to testify on its behalf.[2]

To prepare for Reliable's deposition, Brandwein reviewed the corporation's minute books, tax returns, financial statements, invoices, suborders, CP45's, and employee lists, conferred with counsel, and read the City's complaint, amended complaint, and interrogatories. Brandwein did not, however, speak with any Reliable officers or employees, including the four individual defendants. Although this preparation enabled Brandwein to authenticate a number of corporate documents and to testify as to the general operation of Reliable's enterprise, it became clear as the deposition transpired that the individual defendants were the sole source of the information of greatest interest to the City: the details as to how Reliable conducted its City business. Because Brandwein had not interviewed the individual defendants in preparation for his deposition, he could not provide the City with complete answers to these questions. At the close of the deposition the City's attorneys announced that in their opinion Reliable had failed to satisfy its obligations under Rule 30(b)(6).

Contending that Reliable could not satisfy its discovery obligation by appointing a deponent with no personal knowledge of the noticed areas of inquiry, the City filed a motion to compel Reliable to designate a new representative deponent. According to the City, as long as Reliable's officers or employees had knowledge of facts at issue, that knowledge was imputed to the corporate defendant. Brandwein, the City complained, had made no effort to learn about these matters from the officers and employees who possessed the requisite knowledge. Reliable responded that there was no basis for the City's allegation that Brandwein had been "ignorant and unprepared." Reliable argued further that, excluding the individual defendants, the City had deposed virtually every Reliable employee, each of whom also had testified regarding some if not all of the areas designated in the 30(b)(6) notice.[3]

Magistrate Judge Lefkow granted the City's motion to compel, ordering Reliable to produce a deponent who could testify pursuant to Rule 30(b)(6) as to the information in the possession of the individual defendants. Reliable timely filed its objections to this ruling. It is to those objections that this court now turns.

## DISCUSSION

Reliable asserts—and the City does not deny—that the only remaining knowledge of the corporation, other than what has already been disclosed, is what may be known by the individual defendants. This assertion is confirmed by a review of the City's statements at the Brandwein deposition and its motion to compel, both of which indicate that the true source of the City's dissatisfaction was Brandwein's failure to interview the individual defendants in preparation for his 30(b)(6) deposition. It is these individual defendants who appear to have dominated Reliable's dealings with

2. Ronald Brandwein is the son of defendant Edward Brandwein, the grandson of defendant David Kaplan, and the nephew of defendant LeRoy Kaplan. He is employed by Reliable Trailer Parts, which is related to, but not alleged to have participated in wrongdoing with, the corporate defendant.

3. Among the Reliable employees the City deposed were Bernard Ruttenberg (manager), Margaret Molling (office manager), Gary Carlson (shop foreman), Sharon Memmen (switchboard-clerical), and Janie Williams (bookkeeping-clerical).

the City and who, if anyone, possess the information the City attempted unsuccessfully to obtain by deposing Brandwein.[4]

The magistrate judge relied heavily on *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417 (N.D.Ill.1977), in granting the City's motion to compel. In *Folding Carton*, a corporate defendant refused to answer several first-wave interrogatories on the ground that plaintiffs should be required to obtain the information through depositions so that individual deponents could record their refusal to answer on Fifth Amendment grounds. Emphasizing that the corporate defendant possessed no privilege against self-incrimination, the panel rejected this argument as "specious." The corporate defendant, the panel noted, had "virtually concede[d] that plaintiffs will not secure the sought for information at depositions and that the objective of their contentions really is to prevent disclosure of what is clearly relevant information." *Folding Carton* at 420.

The magistrate judge deemed *Folding Carton* to be consistent with the Supreme Court's recent decision in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), in which the Court held that a records custodian may not assert his own Fifth Amendment privilege to avoid production of corporate records, even though the testimonial act of production might prove personally incriminating. Despite acknowledging the force of Reliable's argument that disclosure of the information sought by the City would necessarily invade the individual defendants' privilege by compelling them to speak, the magistrate judge concluded that *Braswell* and

*Folding Carton* mandated its rejection and granted the City's motion to compel.

This court may set aside a magistrate judge's order only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). Reliable contends that the order must be set aside because it compels the individual defendants to waive their constitutional privilege against self-incrimination in order to effect Reliable's compliance with the Federal Rules of Civil Procedure. The City, however, asserts that setting aside the order will confer a Fifth Amendment privilege upon Reliable to which it is not entitled as a corporation. *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). As the City further reminds this court, the privilege is personal and may not be asserted by Reliable to protect its individual co-defendants. *Kordel*, 397 U.S. at 8, 90 S.Ct. at 767; *United States v. Kuehn*, 562 F.2d 427, 430 (7th Cir.1977).[5]

With all due respect to the magistrate judge, *Braswell* and *Folding Carton* do not support the City's motion to compel. In *Braswell*, the Supreme Court took care to limit the scope of its holding to so-called "act of production" testimony by records custodians. The Court noted that since *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), it had "consistently recognized that the custodian of corporate or entity records holds those documents in a representative rather than a personal capacity." *Braswell*, 487 U.S. at 109–10, 108 S.Ct. at 2290–91. Thus, the Court categorized the custodian's act of production as a representative act rather than a personal one; under these circum-

---

**4.** In *United States v. Kordel*, 397 U.S. 1, 9, 90 S.Ct. 763, 768, 25 L.Ed.2d 1 (1970), the Supreme Court recognized that there could arise, as in the instant case, a situation in which no corporate agent could respond to discovery without fear of self-incrimination. *Accord General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Inasmuch as it was not faced with such a situation in *Kordel*, however, the Court declined to address the issue.

**5.** In an apparent attempt to undermine Reliable's argument, the City argues that Reliable's failure to provide information in the possession

of the individual defendants stems from the fact that Reliable's attorneys are engaged in the simultaneous representation of the individual defendants. Beyond this veiled reference to a conflict of interest, however, the City fails to explain how separate representation would alter the issue before the court. Although this court previously has cautioned that choice of counsel should not be allowed to frustrate the pleading or discovery process, *The City of Chicago v. Reliable Truck Parts Co., Inc.*, No. 88 C 1458, slip op., 1989 WL 32923 (N.D.Ill. March 30, 1989), the present motion does not present such a situation.

stances, it reasoned, "[a]ny claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation—which of course possesses no such privilege." *Id.* at 110, 108 S.Ct. at 2291.

The *Braswell* Court, however, expressly distinguished compelled "act of production" testimony from compelled oral testimony by a records custodian beyond mere identification of documents produced. Explaining its earlier decision in *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957),[6] the Court stated that

> [t]he *Curcio* Court made clear that with respect to a custodian of a collective entity's records, the line drawn was between oral testimony and other forms of incrimination. "A custodian, by assuming the duties of his office, undertakes the obligation to produce the books of which he is custodian in response to a rightful exercise of the State's visitorial powers. But he cannot lawfully be compelled, in the absence of a grant of adequate immunity from prosecution, to condemn himself by his own *oral testimony*."

*Braswell*, 487 U.S. at 114, 108 S.Ct. at 2293 (quoting *Curcio*, 354 U.S. at 123–24, 77 S.Ct. at 1149, emphasis added by Court). In affirming the state's power to compel production of a collective entity's documents, the *Braswell* Court thus also reaffirmed the constitutional prohibition on the state's power to compel oral testimony where the possibility of self-incrimination exists. *Braswell* thus supports Reliable's position rather than the City's.

*Folding Carton* is similarly inapposite. In *Folding Carton,* the court was confront-

ed with the more basic question of whether the corporate defendant in that case could be compelled to answer interrogatories in light of its flat refusal to do so. In answering this question in the affirmative, the *Folding Carton* court was not called upon to address the more specific issue presented in the instant case: whether a corporate defendant that has provided deposition testimony pursuant to Rule 30(b)(6) can be compelled to provide additional information, although ostensibly "corporate" in nature, to which it does not have access by virtue of its individual co-defendants' decision to assert their own Fifth Amendment privilege. *Folding Carton* is thus both factually and legally distinguishable from the case at hand.[7]

■ This court cannot directly compel the individual defendants to testify in a manner inconsistent with their Fifth Amendment privilege. Correlatively, this court cannot compel the individual defendants who choose to remain silent to respond to inquiries by the 30(b)(6) deponent. It is undisputed that Reliable has no Fifth Amendment privilege and thus cannot claim the benefit of the privilege possessed by the individual defendants. That Reliable cannot assert a Fifth Amendment privilege through its Rule 30(b)(6) deponent does not, however, bar its officers and employees from doing so where the information sought is within their knowledge and is testimonial, rather than documentary and corporate, in nature. *Curcio*, 354 U.S. at 123–24, 77 S.Ct. at 1149; *Braswell*, 487 U.S. at 107, 114–15, 108 S.Ct. at 2289, 2293–94.

■ Comparison of the documents requested by the grand jury, the 30(b)(6) no-

---

6. Curcio was served with two grand jury subpoenas addressed to him in his capacity as secretary-treasurer of a local union that was under investigation. One subpoena ordered him to produce union records, and the other ordered him to testify. When he appeared before the grand jury, Curcio stated he did not possess the records and refused to answer questions as to their location. He was held in contempt solely for his refusal to testify, rather than for his failure to produce the records. *Curcio*, 354 U.S. at 119–21, 77 S.Ct. at 1147. The Supreme Court reversed his contempt citation, rejecting the government's argument "that the representative

duty which required the production of union records ... requires the giving of oral testimony by the custodian." *Curcio*, 354 U.S. at 123, 77 S.Ct. at 1149.

7. In all fairness to Reliable, the magistrate judge's criticism of its failure to address and distinguish *Folding Carton* was perhaps a bit hasty. As the discussion above indicates, the case was distinguishable. The City, moreover, did not itself cite to *Folding Carton* until it filed its reply brief.

tice served upon Reliable, and the questions asked of Brandwein, satisfies this court that a response by Reliable to the questions at issue may very well require the individual defendants to provide Reliable's Rule 30(b)(6) deponent with information "which would furnish a link in the chain of evidence needed to prosecute the [individual defendants] for a federal crime." *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). The City apparently has yet to depose the individual defendants who presumably possess the information it seeks. The City may very well wish to do so, even if only to confirm for the record the scope of the privilege the individual defendants intend to assert, rather than rely upon the representations of Reliable's counsel. Should the individual defendants refuse to respond to questions propounded in the course of such a deposition, however, the City may make full use of the negative inference of their silence at trial—as it relates to the liability of both the individual defendants themselves and Reliable, which has been rendered unable to provide the City with further discovery as a result.[8] *See National Acceptance Co. v. Bathalter,* 705 F.2d 924, 930 (7th Cir.1983) ("drawing of an adverse inference from privileged silence in a civil case does not make the exercise of the privilege sufficiently 'costly' to amount to compulsion when there is other evidence of the fact").

## CONCLUSION

The magistrate judge's decision and order granting the motion to compel must be set aside as contrary to law.

---

**8.** To the extent Reliable's officers are unwilling to provide it with information sought in the 30(b)(6) deposition, Reliable's failure to respond to questions seeking such information must be deemed deliberate. *See Worthington Pump Corp. v. Hoffert Marine, Inc.,* 34 Fed.R.Serv.2d 855 (D.N.J.1982).