**SECURITIES AND EXCHANGE COMMISSION,**

v.

**Jeffery L. LEACH, Hubert A. Leach, LMC Assets Corp., and Mary F. Leach.**

**No. CIV.A. 00–5928.**

United States District Court, E.D. Pennsylvania.

June 27, 2001.

---

**3.** Mr. Koresko does not argue that he had good cause for missing the deadline under Fed.R.App.Pro. 4(a)(5).

492

## MEMORANDUM & ORDER

DuBOIS, District Judge.

## I. BACKGROUND

This case arises from Securities and Exchange Commission ("SEC") allegations that Jeffery L. Leach, "with the significant assistance from his brother, Hubert A. Leach, orchestrated a scheme to conduct, and in fact conducted, three fraudulent 'mini' tender offers through two corporations that Jeffery Leach created and con-

trolled. One of these corporations was LMC [Assets Corp. ("LMC")], and the other was Carnegie Investment Management, Ltd. ("Carnegie"), which is currently in bankruptcy and therefore not a defendant in this action." SEC's Memorandum in Opposition, pp. 1–2. The defendants are alleged to have violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78n(e), and Rules 10b–5 and 14e–1 thereunder, 17 C.F.R. §§ 240.10b–5, 240.14e–1. The SEC is seeking injunctive relief pursuant to Sections 21(d) and 21(e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d) and 78u(e) and an award of civil penalties pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d)(3). These allegations were set forth in the Complaint, filed on November 21, 2000.

Jeffery Leach and LMC filed a joint Answer on January 19, 2001, which stated that Jeffery Leach "declines to answer on the ground that he might be a witness against himself" and LMC "declines to answer on the ground that it might be a witness against itself both directly and indirectly." On February 9, 2001, Jeffery Leach filed an Amended Answer in which he again said he "declines to answer on the ground that he might be a witness against himself."

On February 16, 2001, Jeffery Leach and LMC filed the Motions which are the subject of this Order and Memorandum. The Motions are premised on the following: Jeffery Leach and LMC are defendants in this SEC enforcement action. Jeffery Leach asserted his Fifth Amendment privilege against self-incrimination in response to the Complaint. LMC bases its Motion for a protective order excusing it from answering the complaint on the grounds that the only person with the knowledge required to answer the Com-

plaint on LMC's behalf—Jeffery Leach—has invoked the Fifth Amendment. Jeffery Leach's Motion requests a corresponding order protecting him from making a compelled response on behalf of the corporation.

## II. STANDARD FOR GRANTING A PROTECTIVE MOTION

█ The Fifth Amendment privilege against self-incrimination protects any person, an accused or a witness, from being compelled to speak against his penal interest. *See Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). "The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973). To claim the privilege, a person must be "confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *United States v. Doe*, 465 U.S. 605, 614, n. 13, 104 S.Ct. 1237, 1243, n. 13, 79 L.Ed.2d 552 (1984) (quoting *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968)).

The privilege extends "not only 'to answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant.'" *Ohio v. Reiner*, 532 U.S. 17, 121 S.Ct. 1252, 1254, 149 L.Ed.2d 158 (March 19, 2001) (per curiam) (citing *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)) (alterations in original). "[I]t need only be evident from the implications of the question, in the

setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* (citing *Hoffman*, 341 U.S. at 486–87, 71 S.Ct. 814). In other words, "the claim of privilege cannot be sustained if the fear of self-incrimination rests on 'remote and speculative possibilities'; the privilege protects only against 'real dangers.'" *United States v. Jones*, 703 F.2d 473, 476 (10th Cir.1983) (quoting *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 480, 92 S.Ct. 1670, 1676, 32 L.Ed.2d 234 (1964)).

However, "[o]nce the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *Id.*, 703 F.2d at 478. *See also, United States v. Edgerton*, 734 F.2d 913 (2d Cir.1984); *United States v. Yurasovich*, 580 F.2d 1212, 1215–16 (3d Cir.1978); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse*, 110 F.R.D. 278, 282 (S.D.N.Y.1986) ("assertion of the privilege does not depend upon the trial court's assessment of the likelihood of prosecution") (citing *United States v. Miranti*, 253 F.2d 135, 139 (2d Cir.1958)); United States v. Stelmokas, 1993 U.S. Dist. LEXIS 5129, at *14–16 (E.D.Pa. Apr. 16, 1993).

## III. DISCUSSION

The Court is presented with the question whether it should excuse LMC from answering the Complaint on the ground that the only individual with the knowledge required to answer the Complaint—Jeffery Leach—has invoked his Fifth Amendment privilege.

 As a preliminary matter, the Court notes that other courts have held that the Fifth Amendment privilege applies not only at trial, but at the pleading and discovery stages of litigation. *See National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 927 (7th Cir.1983); *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486–87 (4th Cir.1987) (The privilege "protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions."). The Third Circuit has held that "[t]he privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies not only at trial, but during the discovery process as well." *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir.1994). While the Third Circuit has not explicitly held that a person may assert his privilege against self-incrimination when answering a complaint, this Court concludes that the privilege applies to answering a civil complaint if statements made in doing so could be incriminating in a criminal proceeding. *See Stelmokas*, 1993 U.S. Dist. LEXIS 5129 at *44 (requiring defendant to answer all allegations in complaint because he did not establish a real and substantial fear of prosecution).

A. *Jeffery Leach Faces a Substantial Threat of Incrimination and May Raise the Fifth Amendment Privilege at the Pleadings Stage of the Case.*

Jeffery Leach contends that by responding to the allegations of the Complaint on behalf of LMC, he could provide a "lead or clue to a source of evidence of such crime." *See In re: Gi Yeong Nam*, 245 B.R. 216, 224 (Bankr.E.D.Pa.2000) (quoting *Hashagen v. United States*, 283 F.2d 345, 348 (9th Cir.1960)); *see also Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814,

95 L.Ed. 1118 (1951) (the right against self-incrimination may be invoked if the answer would furnish a link in the chain of evidence needed to prosecute for a crime). That argument requires an analysis of the allegations against LMC.

The Complaint charges that Jeffery Leach, Hubert Leach and LMC violated Sections 10(b) and 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n(e), and Rules 10b–5 and 15e–1 thereunder. Jeffery Leach argues that since the SEC alleged that he engaged in securities fraud for which criminal penalties are available, all facts relevant to the SEC's civil suit are also relevant to a possible criminal proceeding. This Court agrees with that position. Criminal liability may lie for violations of § 10(b). *See United States v. O'Hagan,* 521 U.S. 642, 650, 117 S.Ct. 2199, 2206, 138 L.Ed.2d 724 (1997) ("criminal liability under § 10(b) may be predicated on the misappropriation theory"). Further, Jeffery Leach could face criminal charges under the Securities Act of 1933, *see* 15 U.S.C. §§ 77q(a), 77x, for engaging in securities fraud.

The Court notes that Jeffery Leach's position that he is not liable in the civil action does not preclude him from exercising his right under the Fifth Amendment. *See Reiner,* 532 U.S. at ——, 121 S.Ct. at 1254. However, in civil cases, negative inferences may be drawn against parties who assert the Fifth Amendment privilege and "refuse to testify in response to probative evidence offered against them" so long as there is independent evidence beyond the invocation of the privilege to support the negative inferences. *See United States v. Stelmokas,* 100 F.3d 302, 311 (3d Cir.1996) (quoting *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976)).

■ The Court concludes that Jeffery Leach faces a substantial threat of incrimi-nation. Thus his assertion of the Fifth Amendment privilege at the pleadings stage is appropriate. The Court next turns to the question whether LMC must answer the Complaint.

B. *LMC Must Answer the Complaint*

Defendants argue that LMC should be excused from answering the Complaint be-cause the only person with the knowledge required to answer the Complaint on LMC's behalf is Jeffery Leach, and Jef-fery Leach has invoked the Fifth Amend-ment. Jeffery Leach and LMC argue that by answering the Complaint on behalf of LMC, Jeffery Leach would lose his protec-tion under the Fifth Amendment—that the act of so answering could be used against Jeffery Leach.

In opposition to the Motion, plaintiff as-serts that: (1) LMC does not have a Fifth Amendment privilege, and may not assert Jeffery Leach's privilege to escape its obli-gation to answer the Complaint; (2) Jef-fery Leach may answer the Complaint on LMC's behalf without losing his personal Fifth Amendment protection; and (3) LMC can and, if necessary, must appoint an alternate custodian to answer the com-plaint.

■ It is well settled that a corporate defendant may not assert the Fifth Amendment privilege against self-incrimi-nation, and LMC does not attempt to do so. *See Braswell v. United States,* 487 U.S. 99, 102, 108 S.Ct. 2284, 2287, 101 L.Ed.2d 98 (1988); *United States v. One Million Three Hundred Twenty–Two Thousand Two Hundred Forty–Two Dol-lars and Fifty–Eight Cents,* 938 F.2d 433, 439 n. 5 (3d Cir.1991). However, LMC and Jeffery Leach argue that *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), and a series of deci-sions in *Chicago v. Reliable Truck Parts Co.,* 1989 WL 32923 (N.D.Ill. Mar.31, 1989)

("*Reliable I*"), stand for the proposition that if only one person is available to respond on behalf of a corporation, the corporation need not answer a pleading or respond to interrogatories and the appropriate remedy is a protective order.

*Kordel* dealt with a situation where criminal charges were filed against a corporate vice president contemporaneously with a civil action against the corporation. In upholding the vice president's conviction, the Supreme Court stated that the vice president, who had answered interrogatories addressed to the corporation in the civil proceeding, could have asserted the Fifth Amendment privilege against self-incrimination in responding to those interrogatories. *See* 397 U.S. at 10, 90 S.Ct. at 768. In a situation where "no one can answer the interrogatories addressed to the corporation without subjecting himself to a 'real and appreciable' risk of self-incrimination," the Court assumed, without deciding, that the appropriate remedy would be a "protective order under Rule 30(b), postponing civil discovery until termination of the criminal action." *Id.* at 8–9, 90 S.Ct. 763.

Moreover, as Wright, Miller and Marcus have noted:

> Suppose that interrogatories are directed at a corporation. The officer designated to answer them cannot object because the answers will tend to incriminate the corporation but he or she cannot be required to answer if the answers would tend to incriminate him or

her personally. In this situation the burden on the corporation is to designate someone to answer on its behalf who can furnish as much of the requested information as is available to the corporation without fear of self-incrimination. The Supreme Court has suggested [in *Kordel* ], without deciding, that if there should be a case in which no one can answer interrogatories addressed to the corporation without subjecting himself or herself to a risk of self-incrimination, the remedy would be a protective order, under what is now Rule 26(c), postponing civil discovery until termination of the criminal action. It is far from clear how this would work if no criminal action is pending and it is unlikely that a criminal action would actually be brought. In any event, the case is unlikely ever to arise since Rule 33(a) allows any agent of the corporation, even its attorney, to answer interrogatories on behalf of a corporation.

8 Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2018 at 276. *See also, In re: Residential Doors Antitrust Litig.,* 900 F.Supp. 749, 757 (E.D.Pa.1995) (citing same).

■ The Court in this case is faced with a situation similar to the one described by Wright, Miller and Marcus—the corporate officer, Jeffery Leach, cannot be required to answer the Complaint on behalf of LMC because to do so might incriminate him personally.[1] However, this is not a case in

---

1. The Court notes that no protection is afforded to the records custodians of collective entities in answering interrogatories and producing corporate records, even when the act of doing so might incriminate some of the corporate officers. *See Braswell,* 487 U.S. at 115, 108 S.Ct. 2284 (noting that recognizing this privilege would have a "detrimental impact on the Government's efforts to prosecute 'white-collar crime,' one of the most serious

problems confronting law enforcement authorities"). In *Braswell v. United States,* the Supreme Court held that a president and sole shareholder of a corporation could not claim the protections afforded by the Fifth Amendment to prevent him from producing corporate records, even if production might prove personally incriminating. *See* 487 U.S. at 119, 102 S.Ct. at 2295–96. This is the case regardless of the size of the corporate entity.

which there is no one who would be able to answer a complaint against a corporation without being subjected to self-incrimination. To the contrary, LMC has the ability to designate someone else to answer the complaint without vitiating Jeffery Leach's assertion of the Fifth Amendment privilege.

Jeffery Leach and LMC rely on a series of decisions in *Chicago v. Reliable Truck Parts Co.*, which they characterize as holding that where an corporate agent's only source of information is the person who has asserted his privilege against self-incrimination, the corporation would not be compelled to respond. *See Reliable I,* 1989 WL 32923 (N.D.Ill. March 31, 1989) (granting in part and denying in party plaintiff's motion to strike defendants' answer to the amended complaint, and to compel defendants to respond to Chicago's first set of interrogatories and first request for production of documents); *Chicago v. Reliable Truck Parts Co.*, 768 F.Supp. 642 (N.D.Ill.1991) (*"Reliable II"*) (setting aside decision of Magistrate Judge which compelled corporate defendant to provide additional deposition testimony as to information that could only be obtained from individual co-defendants who have asserted their Fifth Amendment privilege); *Chicago v. Reliable Truck Parts Co.*, 1992 WL 109049 (N.D.Ill. May 8, 1992) (*"Reliable III"*) (decision by Magistrate Judge granting in part and denying in part plaintiff's motion to compel interrogatory responses). That litigation involved a civil suit against a corporation and some of its officers, alleging that they had defrauded the City of Chicago by charging inflated prices for truck parts. The allegations made by the City in the civil suit were also

the subject to a grand jury investigation targeting the individual defendants, all of whom asserted their Fifth Amendment privilege against self-incrimination. *See Reliable II,* 768 F.Supp. 642, 643 (N.D.Ill. 1991).

The court first held in *Reliable I* that

an answer to the amended complaint could be formulated without a non-party agent. Counsel for Reliable can sign an answer formulated by the relevant corporate officers. In such circumstances the officers themselves would merely be providing information on behalf of the corporation and they would be doing so without fear of personal incrimination. The signature of Reliable's counsel would merely denote the answer was filed on behalf of the corporation and met the requirements of Rule 11.

*Reliable I,* 1989 WL 32923 at *2 (N.D.Ill. March 31, 1989) (citing *Kordel,* 397 U.S. at 8–9, 90 S.Ct. 763; *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1210 (8th Cir.1973)). In *Reliable II,* the court held that even though the defendant corporation had no Fifth Amendment privilege, that does not "bar its officers and employees from doing so where the information sought is within their knowledge and is testimonial, rather than documentary and corporate, in nature." *Reliable II,* 768 F.Supp., at 646 (citing *Curcio v. United States,* 354 U.S. 118, 123–24, 77 S.Ct. 1145, 1149, 1 L.Ed.2d 1225 (1957); *Braswell,* 487 U.S. at 107, 114–14, 108 S.Ct. at 2289, 2293–94.). Finally, in *Reliable III,* a Magistrate Judge ruled that the corporation was required to answer interrogatories, but was not required to answer them to

*See Bellis v. United States,* 417 U.S. 85, 100, 94 S.Ct. 2179, 2189, 40 L.Ed.2d 678 (1974), ("It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation

may be.") (citing *Grant v. United States,* 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913)); *see also Braswell,* 487 U.S. at 108, 108 S.Ct. 2284 (citing same).

the extent that the company must consult the "knowledge of the insulated witnesses," except to state the basis on which it could not answer. *Reliable III*, 1992 WL 109049, at *2 (N.D.Ill. May 8, 1992). Taken together, these cases stand for the proposition that a corporation must answer a complaint and provide discovery, and, if necessary, it must appoint an agent to do so who could furnish the information without fear of self-incrimination.

■ The SEC asserts that if Jeffery Leach himself does not provide the answer to the Complaint against LMC, someone else must be appointed to do so. In response LMC argues that since Jeffery Leach is the only person with the knowledge to answer, any substance contained in the answer will be imputed to Jeffery Leach. The Court disagrees with LMC's position.

■ If one person within the corporation is unable to answer the complaint, the corporation must appoint someone else to do so. *See, e.g. Kordel,* 397 U.S. at 8, 90 S.Ct. at 767 ("service of the interrogatories obliged the corporation to 'appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation'"); *Reliable I,* 1989 WL 32923, at *2 ("[A]n answer to the amended complaint could be formulated without a non-party agent. Counsel for Reliable can sign an answer formulated by the relevant corporate officers."). Even the corporation's attorney can serve as an agent. *See United States v. 42 Jars,* 162 F.Supp. 944 (D.N.J. 1958), aff'd. 264 F.2d 666 (3d Cir.1959).

There appears to be a dispute as to whether co-defendant Hubert Leach is a corporate officer. If he is, LMC certainly can consider designating him to respond to the Complaint on its behalf, notwithstanding the fact that he has answered the Complaint by denying knowledge as to all matters except his own actions and public information. On the other hand, if Hubert Leach is, in the judgment of LMC, an inappropriate person to answer the Complaint, another corporate officer may answer, or, if none exists, corporate counsel can do so.

## IV. CONCLUSION

Jeffery Leach will not be required to answer the Complaint on behalf of LMC. Further, he need not speak to the person designated to answer the Complaint by LMC. In that way the concerns that LMC's answer to the Complaint will be imputed to Jeffery Leach are allayed.

LMC must answer the Complaint. It must designate a corporate officer other than Jeffery Leach or its attorney to do so.

The Motion of Defendant Jeffery Leach for a Protective Order is granted and the Motion of Defendant LMC Assets Corp. for a Protective Order is denied. LMC must answer the Complaint within twenty days.

## *ORDER*

**AND NOW,** this 26th day of June, 2001, upon consideration of the Motion of Defendant Jeffery Leach for a Protective Order and the Motion of Defendant LMC Assets Corp. for a Protective Order (together, Document No. 15, filed February 16, 2001), Plaintiff Securities and Exchange Commission's Memorandum in Opposition to Defendants Jeffery L. Leach's and LMC Assets Corp.'s Motions for Protective Orders (Document No. 18, filed March 13, 2001), Declaration of Stanley M. Cichinski (Document No. 19, filed March 13, 2001) and Reply Memorandum in Support of Motions of Defendants LMC Assets Corp. and Jeffery Leach for Protective Orders (Document No. 22, filed April 5, 2001), **IT IS ORDERED THAT** the Motion of Defen-

dant Jeffery Leach for a Protective Order is **GRANTED** and the Motion of Defendant LMC Assets Corp. for a Protective Order is **DENIED.**

**IT IS FURTHER ORDERED** that LMC Assets Corp. shall file and serve an answer to plaintiff's Complaint within twenty days. One copy of the answer shall be served on the Court (Chambers, Room 12613) when the original is filed.