**Robert L. HUFFSTUTLER,
Plaintiff-Appellant,**

v.

**Robert BERGLAND, Secretary of the United States Department of Agriculture, et al., Defendants-Appellees.**

**No. 77–3117.**

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1979.

---

George P. Powell, Edinburg, Tex., for plaintiff-appellant.

R. Burton Ballanfant, Asst. U.S. Atty., Houston, Tex., William Kanter, Appellate Staff, Eloise E. Davies, Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before SIMPSON, CHARLES CLARK and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Robert L. Huffstutler, a probationary employee of the United States Department of Agriculture, appeals an order granting the Secretary's motion to dismiss his action seeking redress for discharge and other relief. We vacate and remand.

Huffstutler contends that his discharge offended the first amendment because it was an improper reaction to his activities as shop steward for a labor organization. He

also contends that the Secretary deprived him of liberty without due process in violation of the fifth amendment because the agency failed to accord him an opportunity to protest a rating of his honesty placed in a "Probationary or Trial Period Report."

The district court based its order dismissing the first amendment claim on the doctrine of sovereign immunity. The fifth amendment claim was dismissed on a finding that the honesty rating in the probationary report to which Huffstutler objected was not stigmatizing.

In concluding that sovereign immunity barred Huffstutler's claim for reinstatement, the district court misread our opinion in *Beale v. Blount,* 461 F.2d 1133. While *Beale* holds that the doctrine of sovereign immunity bars a claim against the United States for injunctive relief, the opinion clearly states that a request for reinstatement should be considered in the nature of a petition for a writ of mandamus which bypasses the obstacle of the doctrine of sovereign immunity. 461 F.2d at 1138. *See Penn v. Schlesinger,* 490 F.2d 700, 704.

A probationary employee may be discharged for any reason, or for no reason at all, but not for an unconstitutional reason. Huffstutler alleged that the reason for his discharge was labor-organizing activities protected by the first amendment. He is entitled to an opportunity to prove this charge. *Ferguson v. Thomas,* 430 F.2d 852 (5th Cir. 1970).

Huffstutler's second contention on this appeal is that the Secretary denied him due process because, without according him a hearing, the agency rated his honesty as "unsatisfactory" on a form which was then made available to other government agencies and the Texas Employment Commission without his consent. To establish such a due process deficit, Huffstutler must establish that in the course of terminating his employment,[1] the agency prepared a report, without giving him notice and an opportunity to be heard which was (a) false,[2] (b) stigmatizing,[3] and (c) published.[4]

The district court reasoned that rating Huffstutler's honesty as "unsatisfactory" was not the equivalent of characterizing him as dishonest. This finding is difficult to accept unless considered in the context of the entire report. In the report the preparer was required to rate the probationary worker with regard to 21 separate characteristics, including honesty, and was limited to the use of four rating categories—outstanding, satisfactory, marginal, or unsatisfactory. The choice for rating Huffstutler's honesty was "unsatisfactory." Huffstutler also received "unsatisfactory" ratings for initiative, dependability, productivity, quality of work, professional interest, attendance, and punctuality. In the following section of the form, the preparer was required to appraise in his own language the employee's capacity for growth and development. That narrative states that Huffstutler will only work when watched, and that when his foreman turns away he resumes "sluffing along, doing a sloppy job." He has a poor attendance, which he attempts to excuse. He is tardy and offers as excuses "trouble of all kinds."

Considered in the context of the entire form and with the limitations it imposed on the description of Huffstutler's characteristics, we cannot say that the district court's factual conclusion that the unsatisfactory rating for honesty was not stigmatizing was clearly erroneous. It did not accuse Huffstutler of property theft or constitute a "badge of infamy." Rather, it correlates with the narrative description indicating the preparer considered him to be a person who could not be trusted to produce in the workshop or be faithful or prompt in his attendance. Clearly it was so read by the supervisor who later made the decision

1. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

2. *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977).

3. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

4. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

to discharge Huffstutler. The description of the report in the letter communicating the discharge decision to Huffstutler did not even mention honesty.[5] Furthermore, the lack of a nexus between this item in the report and Huffstutler's termination indicates that no hearing was required. *Paul v. Davis, supra,* 424 U.S. at 709, 96 S.Ct. 1155.

The order dismissing Huffstutler's complaint is vacated and the cause is remanded to the district court for further proceedings in accordance with this opinion.

VACATED and REMANDED.

---

**5.** That part of the letter read:

I have before me a report which indicates that your attendance record has been very poor. Sick leave and emergency annual leave have been used excessively in addition to your reporting late for work due to car trouble and various other reasons. A review of your work performance also reveals that you are not performing at an acceptable level. Your supervisor reports that it is necessary to render close supervision if he expects you to complete a given task. You have been counseled on all of the above deficiencies, however, your attendance and work performance has not improved.