Aminta DRAKE, etc.,
Plaintiff–Appellant,

v.

PANAMA CANAL COMMISSION, etc.,
Defendant–Appellee.

Luis Carlos AVILA LUJAN and Jose
Gabriel Guardiola,
Plaintiffs–Appellants,

v.

PANAMA CANAL COMMISSION, etc.,
Defendant–Appellee.

Teresa Isabel FERNANDEZ, etc.,
Plaintiff–Appellant,

v.

PANAMA CANAL COMMISSION, etc.,
Defendant–Appellee.

Rachel E. LEWIS, etc.,
Plaintiff–Appellant,

v.

PANAMA CANAL COMMISSION, etc.,
Defendant–Appellee.

No. 89–3110.

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1990.

DeRussy, Bezou & Matthews, John G. DeRussy, New Orleans, La., for plaintiff-appellant.

Renee Clark McGinty, Asst. U.S. Atty., John P. Volz, U.S. Atty., New Orleans, La., for defendant-appellee.

Before THORNBERRY, GARWOOD and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiffs-appellants Aminta Drake, et al., (appellants) appeal a judgment in favor of the Panama Canal Commission (Commission). We affirm, but modify the judgment of dismissal on the merits to one of dismissal for want of jurisdiction.

**Facts and Proceedings Below**

On September 23, 1984, an explosion and resulting fire at the Industrial Division facility at Mount Hope in the Republic of Panama injured Victor Torres, Luis Lujan, and Jose Guardiola and killed Frank Allen and Manuel Molinar while they were in the course of their employment with the Commission. Torres, Lujan, and Guardiola and the survivors of Allen and Molinar filed timely administrative claims with the Commission under section 1401 of the Panama Canal Act (PCA), 22 U.S.C. § 3761.[1] On the ground that, under Panamanian law, their exclusive remedy was with the Panamanian social security system, the Commission rejected appellants' claims.[2]

Appellants then sought judicial review in the United States District Court for the Eastern District of Louisiana under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and the mandamus statute, 28 U.S.C. § 1361.[3] The district court concluded that it had jurisdiction to review the administrative determinations of the Commission.[4] On the merits, the court agreed with the Commission, holding that appellants' claims were barred under Pan-

---

1. Section 3761 reads in pertinent part:
   "(a) **Claims for injury to, or loss of, property or personal injury or death arising from operation of Panama Canal**
   "Subject to the provisions of this part, the Commission may adjust and pay claims for injury to, or loss of, property or for personal injury or death, arising from the operation of the Panama Canal or related facilities and appurtenances.
   (b) **Limitation on amount of claims**
   "The Commission may pay not more than $50,000 on any claim described in subsection (a).
   " . . . .
   "(d) **Action for damages on claims cognizable under this part: action against officers or employees of United States for injuries resulting from acts outside scope of their employment**
   "Except as provided in section 3776 of this title, no action for damages on claims cognizable under this part shall be against the United States or the Commission, and no such action shall be against any officer or employee of the United States. Neither this section nor section 3776 of this title shall preclude actions against officers or employees of the United States for injuries resulting from their acts outside the scope of their employment or not in the line of their duties, or from their acts committed with the intent to injure the person or property of another."

2. The Commission rejected appellants' claims in a letter dated February 25, 1986, asserting that "[t]he Agreement in implementation of Article III of the 1977 Panama Canal Treaty, at Article VIII, paragraph I(a), provides that non-U.S. citizen employees of the Commission hired after the Agreement takes effect 'shall ... be covered by the Social Security system of the Republic of Panama.'"

3. Appellants asserted jurisdiction under 28 U.S.C. § 1331 and the mandamus statute, 28 U.S.C. § 1361.

4. In determining that jurisdiction existed, the court followed two district court opinions, *McClain v. Panama Canal Commission*, No. 85–3721 (E.D.La. June 23, 1986), and *Carter v. Silvestre*, No. 85–3141, 1986 WL 11390 (E.D.La. Oct. 2, 1986). The *McClain* court ruled that the Panama Canal Act did not preclude the court from reviewing the Commission's decision in accordance with the APA. It also held that jurisdiction existed under the mandamus statute. In *Carter*, the court followed *McClain* regarding judicial review under the APA. In the instant case, the court stated, without further analysis, that it "finds these opinions persuasive and subscribes to their reasoning. Accordingly, for the reasons expressed therein, this Court holds that it has jurisdiction to review the administrative determinations of the Panama Canal Commission with respect to the present administrative claims for non-maritime injuries."

amanian law, and dismissed their suit. This appeal followed.

## Discussion

Appellants challenge the district court's grant of summary judgment in favor of the Commission, contending that the court erred in concluding that the Panamanian social security system provided appellants' exclusive remedy. We need not reach this issue, however, because we affirm the district court's dismissal on jurisdictional grounds.

The PCA created the Commission and gave it authority to settle three types of claims. 22 U.S.C. §§ 3611, 3761–3779. First, the Commission *"shall* promptly adjust and pay damages for injuries" arising from the passage of vessels through the Canal locks, section 3771(a) (emphasis added); second, the Commission *"shall* promptly adjust and pay damages for injuries" arising from the presence of vessels elsewhere in the Canal or its adjacent waters, section 3772 (emphasis added); and third, the Commission *"may* adjust and pay claims for injury ... arising from the operation of the Panama Canal or related facilities and appurtenances," section 3761(a) (emphasis added). Appellants' claims fall in this third category.

■■■ A party may not bring suit against the United States absent an explicit waiver of sovereign immunity by Congress. *See United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *Ware v. United States,* 626 F.2d 1278, 1286 (5th Cir.1980). This immunity extends to the government's officers and agencies. *See Simons v. Vinson,* 394 F.2d 732 (5th Cir.), *cert. denied,* 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968). Because the Commission is an executive agency of the United States, 22 U.S.C. § 3611, it may

be sued only if Congress has waived its immunity.

■■■ One ground for federal court jurisdiction that appellants assert and the district court apparently accepted is the mandamus statute, 28 U.S.C. § 1361.[5] We have stated that "the mandamus statute ... waives, for some purposes, the sovereign immunity of the United States." *McClain v. Panama Canal Comm'n,* 834 F.2d 452, 454 (5th Cir.1987) (citing *Huffstutler v. Bergland,* 607 F.2d 1090, 1092 (5th Cir.1979)). *McClain* held that it was "the classic function of mandamus" to employ that writ "to require the Commission to take jurisdiction, not to dictate the results of its taking jurisdiction, and to perform a nondiscretionary duty imposed on it by law." *Id.* In *McClain,* the Commission had declined to adjudicate plaintiff's claim, stating that it did not have subject matter jurisdiction because, among other reasons, the amount of plaintiff's claim exceeded its settlement authority. *Id.* at 453. In ruling that mandamus jurisdiction existed, allowing plaintiff a forum in federal court, we found that plaintiff sought only to require the Commission to perform its duty by taking subject matter jurisdiction over her claim, rather than "to dictate the results" of that assertion of jurisdiction. *Id.* at 454.

In the instant case, the Commission took jurisdiction over appellants' claims but decided, in the exercise of its delegated power under 22 U.S.C. § 3761(a), not to grant them recovery because of the compensation available through the Panamanian social security scheme. The relief appellants seek by mandamus is not to require the Commission to exercise its jurisdiction to decide their claims or otherwise to perform a ministerial duty imposed on it by law; rather, appellants seek in essence to require the Commission to alter its decision on the merits of their claims.[6] Such is not

5. The mandamus statute states:
   "§ 1361. **Action to compel an officer of the United States to perform his duty**
   "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

6. At the heart of appellants' argument that the Panamanian social security system does not provide their exclusive remedy is essentially a claim for monetary relief. *See, Chula Vista School Dist. v. Bell,* 762 F.2d 762, 765 (9th Cir. 1985); *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 727 (2d Cir.1983); *Alamo Navajo School Bd., Inc. v. Andrus,* 664 F.2d 229, 233

the function of mandamus. To hold otherwise would be to create an open-ended breach in the doctrine of sovereign immunity and the below-noted limitations on judicial review under the APA and the PCA.

■ Appellants also assert jurisdiction pursuant to 28 U.S.C. § 1331, seeking federal court review of the Commission's decision under the APA. The APA states that

"[a]n action in a court of the United States seeking relief *other than money damages* ... shall not be dismissed ... on the ground that it is against the United States.... Nothing herein ... affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate ... ground...." 5 U.S.C. § 702 (emphasis added).

Congress "intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by [§ 702]...." *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 2731, 101 L.Ed.2d 749 (1988). However, because of our ruling (note 6 and accompanying text *supra*) that the substance of the complaints at issue is a claim for money damages, appellants' case is not one covered by section 702, and, hence, sovereign immunity has not been waived. As a result, the APA does not afford jurisdiction over appellants' suit.

■ We further conclude that section 702 of the APA does not operate as a waiver of the United States' sovereign immunity to suit in the instant case for the additional reason that the PCA precludes the judicial review sought. In *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the Supreme Court established a presumption favoring judicial review under the APA that a party could overcome only by "showing ... 'clear and convincing evidence' of a contrary legislative intent...." *Id.* 87 S.Ct. at 1511 (quoting *Rush v. Cort,* 369 U.S. 367, 82 S.Ct. 787, 794, 7 L.Ed.2d 809

(1962)). Subsequently, in *Block v. Community Nutrition Inst.,* 467 U.S. 340, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984), the Court somewhat diluted the "clear and convincing" standard and stated that the presumption is overcome "whenever the congressional intent to preclude judicial review is 'fairly discernible in the statutory scheme.'" *Id.* 104 S.Ct. at 2456 (quoting *Data Processing Serv. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 832, 25 L.Ed.2d 184 (1970)); *see* Eskridge, *Politics Without Romance: Implications of Public Choice Theory For Statutory Interpretation,* 74 Va.L.Rev. 275, 331 n. 153 (1988) (the "presumption of reviewability is not as robust as it once was"). Such intent may be inferred "when a statute provides a detailed mechanism for judicial consideration of particular issues" but not others. *Block,* 104 S.Ct. at 2456.

Appellants brought their claims under subsection (a) of section 3761 of the PCA, subsection (d) of which states that "[e]xcept as provided in section 3776 of this title, no action for damages on claims cognizable under this part shall lie against the United States or the Commission."[7] Section 3776 allows "[a] claimant for damages pursuant to section 3771(a) [injuries to vessels, their cargo, crew or passengers, inside the canal locks] or 3772 [injuries to vessels, their cargo, crew or passengers, outside the canal locks] ... who considers himself aggrieved by the findings, determination, or award of the Commission ... [to] bring an action on the claim against the Commission in the United States District Court for the Eastern District of Louisiana."

■ Congress' failure to furnish a mechanism for judicial review in the case of § 3761(a), while providing a "detailed mechanism for judicial consideration" of §§ 3771(a) and 3772 claims, is a strong indication that the statutory scheme of the PCA precludes review of Appellants' claims. *Block,* 104 S.Ct. at 2454, 2456 ("the omission of such a provision is suffi-

---

(10th Cir.1981); *Hoopa Valley Tribe v. United States,* 596 F.2d 435, 436, 219 Ct.Cl. 492 (1979). For this reason as well, mandamus jurisdiction cannot lie.

7. "Part 4—Claims for Injuries to Persons or Property" of the PCA consists of sections 3761 through 3779.

cient reason to believe that Congress intended to foreclose" such review). Moreover, section 3761(d) *expressly* precludes any other action for damages against the Commission "on claims cognizable under this part," which includes claims such as these under section 3761(a). We conclude that it is "fairly discernible in the statutory scheme" that Congress intended to allow judicial review of the Commission's rulings only in the case of claims brought under PCA §§ 3771(a) or 3772. *Id.* at 2456. Consequently, the APA does not waive the sovereign immunity of the United States regarding claims brought pursuant to section 3761(a) of the PCA.

### Conclusion

For the foregoing reasons, we modify the judgment of dismissal on the merits to one of dismissal for want of jurisdiction, and as so modified the judgment is affirmed.

MODIFIED and AFFIRMED as MODIFIED.