United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41265
Summary Calendar
_____

TERRY LEE SCOTT,

Plaintiff-Appellant,

versus

PFIZER INC., ET AL.,

Defendants,

PFIZER INC.; WRIGHT MEDICO; UNIVERSITY OF TEXAS MEDICAL BRANCH;
MICHAEL J. GRECULA, Medical Doctor; JAMES W. SIMMONS, III,
Medical Doctor; VINCENT PHAN, Medical Doctor; GARRETT J. TALLMAN,
Medical Doctor; MTG DIVESTITURES INC,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-790
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terry Lee Scott, federal prisoner #62305-079, appeals the

dismissal of his products liability and medical malpractice civil

action concerning two hip replacement surgeries occurring prior

to his incarceration for lack of subject matter jurisdiction and

on the basis of Eleventh Amendment immunity.

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Scott argues that the district court judge was biased and should have recused himself because he had presided over the criminal proceedings that resulted in Scott's incarceration. As Scott did not raise this issue in the district court, he failed to present his disqualification argument at a reasonable time in the litigation. See Hollywood Fantasy Corp. v. Gabor, 151 F.3d 203, 216 (5th Cir. 1998). Moreover, Scott cannot show that the district court judge was biased based solely on his adverse rulings. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Scott argues that the district court abused its discretion by denying his motion to amend his complaint to remove all claims except his claims against Pfizer, Inc., and MTG Divestitures, Inc., in order to create complete diversity of parties. As Scott waited to move to amend his complaint until the eve of its dismissal, gave no reason for his delay in moving to amend, and argued the sufficiency of the complaint against all of the defendants until his claims against the other defendants were dismissed, the district court did not abuse its discretion by denying his motion to amend his complaint pursuant to FED. R. CIV. P. 15(a). See Whitaker v. City of Houston, 963 F.2d 831, 836-37 (5th Cir. 1992). Furthermore, to the extent that Scott's motion to amend was a request to drop the nondiverse parties pursuant to FED. R. CIV. P. 21, the district court did not abuse its discretion in denying the request, given Scott's myriad of

shifting theories regarding the basis of jurisdiction. See
Dayton Independent School District v. U.S. Mineral Products Co.,
906 F.2d 1059, 1067 (5th Cir. 1990).

Scott asserts that the district court erred by dismissing
his claims against Pfizer and MTG for lack of subject matter
jurisdiction. As Scott and several of the defendants were
citizens of Texas, the district court did not have diversity
jurisdiction over Scott's complaint. See Whalen v. Carter, 954
F.2d 1087, 1094 (5th Cir. 1992). Scott's assertion that he met
the requirements for standing to bring his complaint is
irrelevant; the presence of standing does not create jurisdiction
in the absence of diversity or federal question jurisdiction.
See Sierra Club v. Peterson, 185 F.3d 349, 362 n.15 (5th Cir.
1999) (noting that a party must establish both standing and
subject matter jurisdiction). Scott has not shown that the
district court had federal question jurisdiction under the
commerce clause or because he was raising product liability
claims. See U.S. CONST. art. I, § 8; Peoples Nat'l Bank v. Office
of the Comptroller of Currency of U.S., 362 F.3d 333, 336 (5th
Cir. 2004) (party asserting federal court jurisdiction has burden
of proving that it exists). Nor has he shown that either the
Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301-93 (FDCA), or the
Medical Device Amendments, 21 U.S.C. §§ 360c-360m (MDA), to the
FDCA create a private right of action. See 21 U.S.C. § 337.
Furthermore, the MDA does not completely preempt state products

liability law and, therefore, does not create jurisdiction under the complete preemption exception to the well-pleaded complaint rule. See Martin v. Medtronic, Inc., 254 F.3d 573, 578-81 (5th Cir. 2001) (applying Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996)) (MDA does not preempt all state law product liability claims regarding devices covered by the MDA); Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987) (exception to well-pleaded complaint rule requires complete preemption). The district court did not err by dismissing Scott's claims against Pfizer and MTG for lack of subject matter jurisdiction.

Scott maintains that the district court erred by dismissing his claims against the University of Texas Medical Branch (UTMB) on the basis of Eleventh Amendment immunity. UTMB is an agency of the State of Texas, giving it Eleventh Amendment immunity. See TEX. EDUC. CODE ANN. § 61.003(5); TEX. GOV'T CODE ANN. § 572.002(10)(B); Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997). As nothing in the Medicare Act, 42 U.S.C. § 1395 or the Medicaid Act, 42 U.S.C. § 1396, conditions a state's receipt of money from those programs upon its waiver of immunity, UTMB's receipt of medicare or medicaid funds as payment for Scott's surgeries did not act as a waiver of its Eleventh Amendment immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). Scott's contention that Eleventh Amendment immunity was not applicable because his claims against UTMB concerned public health and welfare is unfounded. The district

court did not err by dismissing Scott's claims against UTMB on the basis of Eleventh Amendment immunity.

Scott contends that the district court erred by dismissing his claims against Michael J. Grecula, M.D., James W. Simmons, III, M.D., and Vincent Phan, M.D. (the doctors), for lack of subject matter jurisdiction.  Because the district court did not have jurisdiction over the remainder of Scott's claims, it did not have supplemental jurisdiction over Scott's claims against the doctors.  See 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).  Furthermore, the doctors' receipt of medicare or medicaid funds as payment for the surgeries did not confer jurisdiction on the district court as the Medicare Act and the Medicaid Act do not provide for a private cause of action.  See Stewart v. Bernstein, 769 F.2d 1088, 1092-94 (5th Cir. 1985).  The district court did not err by dismissing Scott's claims against the doctors for lack of subject matter jurisdiction.

AFFIRMED.