United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-11151
Summary Calendar

MICHAEL L. FOGARTY; DOROTHY E. FOGARTY; APRIL M. C. FOGARTY;

Plaintiffs-Appellants,

versus

USA TRUCK, INC.; ERIC MCCONNELL, INSURANCE RISK MANAGER;
MARC T. LEVIN, ESQ.; DAVID ALBERT COLECCHIA, ESQ.;

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
Case No. 3:05-CV-1783

_____

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

This case arises out of a March 1999 highway collision in which Appellant Michael F. Fogarty rear-ended a truck while making a delivery in Adams County, Pennsylvania, during the course of his employment as a truck driver for Appellee USA Truck, Inc. USA Truck terminated Fogarty shortly thereafter. In a subsequent Pennsylvania state-court action initiated by the driver of a third vehicle involved in the accident, Fogarty and USA Truck were

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

represented by Pennsylvania attorney Marc T. Levin.  Levin withdrew from the litigation because he perceived a potential conflict of interest in the simultaneous representation of Fogarty and USA Truck.  Fogarty then retained another Pennsylvania attorney, David Colecchia, only to fire him later.  The state-court suit was eventually settled.

After moving to Texas, in September 2005 Fogarty filed a pro se action on behalf of his wife, daughter, and himself in the district court for the Northern District of Texas against Levin, Colecchia, USA Truck, and Eric McConnell, a USA Truck Insurance Risk Manager.  Though it is difficult precisely to ascertain the nature of the allegations Fogarty raised in his original complaint, they ostensibly include: (1) legal malpractice and breach of contract against attorney Colecchia; (2) legal malpractice and "insurance bad faith" against attorney Levin; and (3) wrongful termination, negligence per se, and "insurance bad faith" against USA Truck and McConnell.  After an independent survey of the pleadings and record, the district court adhered to the magistrate judge's recommendations and dismissed all claims against Colecchia and McConnell for lack of personal jurisdiction, and all claims against Levin and USA Truck for failure to state a claim.

## Standard of Review

Because Fogarty did not timely object to any of the rulings below, the litigants contend that the plain-error standard

2

governs our review. We do not agree. Even though a party's failure timely to file written objections to a magistrate judge's factual findings and legal conclusions typically gives rise to plain-error review on appeal, when, as here, the district court undertakes an independent review of the record, we review de novo. See Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005). This exception to the usual plain-error standard is especially relevant in the context of pro se cases. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Our review here is thus de novo. Guillory, 434 F.3d at 308. Irrespective of the standard we use, however, there was no error below.

## Claims Against Colecchia

Fogarty does not contest the magistrate judge's findings that personal jurisdiction over Colecchia was lacking and that venue in the Northern District of Texas was improper. Instead, citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S. Ct. 913 (1962), Fogarty contends that the district court erred in failing to dismiss without prejudice or transfer the case under 28 U.S.C. § 1404(a) or § 1406(a). This argument is meritless. Goldlawr stands only for the proposition that a district court may transfer a case even when it lacks personal jurisdiction over the defendants. 369 U.S. at 466-67, 82 S. Ct. at 916. Nothing in Goldlawr requires a district court to transfer a case, nor do any

3

of the circumstances cited by the <u>Goldlawr</u> Court militate against dismissal here. <u>See</u> <u>id.</u> at 466, 82 S. Ct. at 915-16. The record reveals no reason to second-guess the district court's decision to dismiss all claims against Colecchia or its refusal to transfer the action.

## Claims Against Levin

Fogarty likewise argues that <u>Goldlawr</u> applies to the district court's dismissal of his claims against Levin. Those claims, however, were not dismissed for lack of personal jurisdiction, but instead for failure to state a claim. <u>See</u> FED. R. CIV. P. 12(b)(6). <u>Goldlawr</u> does not apply to dismissals made under Rule 12(b)(6). Moreover, Levin did not challenge personal jurisdiction or venue. He relied only on Rule 12(b)(6). Fogarty cannot simply bootstrap his jurisdiction and venue arguments against Levin when only a Rule 12(b)(6) dismissal is at issue. Finally, Fogarty makes only a perfunctory challenge to the magistrate judge's finding that he failed to plead facts sufficient to withstand summary judgment on the malpractice and insurance bad faith claims. No facts are pleaded to support those claims. The district court did not err with respect to Levin.

## Claims Against USA Truck & McConnell

Because Fogarty has not briefed his negligence per se and wrongful-termination claims, they are waived. <u>Man Roland, Inc. v. Kreitz Motor Express, Inc.</u>, 438 F.3d 476, 481 n.7 (5th Cir. 2006);

4

FED. R. APP. P. 28(a)(9)(A).  Next, his argument that the district court's failure to transfer the USA Truck and McConnell claims was error fails for the reasons given above in relation to the Levin claims: <u>Goldlawr</u> does not apply to dismissals made under Rule 12(b)(6).  As to the bad-faith insurance claim Fogarty raises, he has pled no facts to indicate that USA Truck was obliged to provide him with legal representation in the Pennsylvania state-court action.  Assuming <u>arguendo</u> the existence of such a duty, USA Truck did initially provide Fogarty with attorney Levin's services.  Our review of the record reveals no facts to substantiate Fogarty's claim that USA Truck violated a duty of good-faith due to him, if one existed at all.

## Conclusion

For the foregoing reasons, the district court's dismissal of all claims against Appellees is

**AFFIRMED.**