# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10108
Conference Calendar

DOUGLAS CROWDER

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH'S UNKNOWN NURSE; UNIVERSITY OF TEXAS MEDICAL BRANCH'S HEAD OF NURSING; UNKNOWN DALLAS COUNTY SHERIFF, Jailer; JIM BOWLES, Then Acting Sheriff; DALLAS COUNTY TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-254

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Douglas Crowder, Texas prisoner # 705564, moves for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. After the parties consented to proceed to final judgment before the magistrate judge (MJ), the MJ granted the defendant Dallas County's motion for summary judgment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Crowder's § 1983 complaint. The MJ denied Crowder's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP in this court, Crowder is challenging the MJ's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Crowder's complaint alleged that prison officials acted with deliberate indifference when they housed him with gang-affiliated inmates, failed to protect him from physical harm inflicted by inmates, and denied him adequate medical care, which he contends resulted in the permanent loss of vision in his left eye. Under the Prison Litigation Reform Act, an inmate confined in any jail, prison, or other correctional facility may not bring an action under § 1983 with respect to prison conditions until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory and applies to all inmate suits regardless of the forms of relief sought. Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002).

Accordingly, Crowder's motion for leave to proceed IFP is GRANTED. The judgment of the district court is AFFIRMED. No further briefing is required.