**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-10476
Summary Calendar

JAMES EDWARD DANIELS

Plaintiff-Appellant

v.

DALLAS COUNTY; DALLAS COUNTY HOSPITAL DISTRICT; UNIVERSITY OF TEXAS MEDICAL BRANCH; MD STEPHEN P BOWERS; LEAH LUCIE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1739

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Edward Daniels, Texas prisoner # 1409320, moves to appeal in forma pauperis (IFP) from the summary judgment dismissal of his civil rights claims against Dallas County, Texas; the Dallas County Hospital District (DCHD); the University of Texas Medical Branch (UTMB); and UTMB Medical Director Stephen P. Bowers, M.D. Daniels's complaint alleged that the defendants were deliberately indifferent to his serious medical needs during two periods when he was incarcerated at the Dallas County Jail. Daniels challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997), that his appeal is not taken in good faith.

The district court dismissed Daniels's claims against DCHD on the basis that the summary judgment evidence showed Daniels received appropriate care and that Daniels was responsible for any delays in his medical treatment. Daniels has abandoned this issue by failing to identify any facts to refute this determination. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Daniels argues that the dismissal of his claims against Dallas County for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) was error because the district court erroneously assumed that the Dallas County Jail has a two-stage grievance procedure. The district court did not err. *See Crowder v. U.T.M.B. Unknown Nurse*, No. 3-06-CV-0254-BD, 2007 WL 14264 (N.D. Tex. Jan. 3, 2007), *aff'd,* 267 Fed. App'x 319 (5th Cir.2008). We reject Daniels's contention that the dismissal of his claims against UTMB on grounds of Eleventh Amendment immunity was error. *See Scott v. Pfizer Inc.*, 182 F. App'x 312, 315 (5th Cir. 2006); *University of Texas Medical Branch at Galveston v. Mullins*, 57 S. W. 3d 653, 657 (Tex. App. 2001).

Daniels did not object to the magistrate judge's recommendation that the claims against Dr. Bowers be dismissed because Daniels sued Dr. Bowers in his supervisory capacity only. The district court adopted this recommendation and granted summary judgment in favor of Dr. Bowers. We decline to address Daniels's argument that the claims against Dr. Bowers should not have been dismissed because the doctor was "present" during a discussion of Daniels's medical problems because he did not raise the issue in the district court. *See Lemaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Daniels additionally argues that the entry of summary judgment was improper because the procedure used in the district court was flawed due to prejudice and judicial misconduct; he has had problems engaging in legal research; and he should have been allowed to conduct unspecified discovery.

These arguments are unavailing. Daniels's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Daniels is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.