# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-20010
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

TRACIE JACKSON; LINDA DUNSON,

Plaintiffs–Appellants,

v.

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED
PEOPLE, doing business as NAACP; NAACP HOUSTON BRANCH;
YOLANDA SMITH,

Defendants–Appellees.

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2474

————

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tracie Jackson and Linda Dunson appeal the district court's denial of
their motion to alter or amend the court's order dismissing their case for lack
of subject matter jurisdiction. We affirm.

**I**

The facts underlying this litigation, now before this court for the second
time, are discussed in depth in our first opinion.[1] As relevant to the sole issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] *See Jackson v. NAACP*, 546 F. App'x 438, 439-40 (5th Cir. 2013).

No. 14-20010

before us, Jackson and Dunson filed suit in federal court against the National Association for the Advancement of Colored People (NAACP), the organization's Houston Branch (the Houston Branch), and Yolanda Smith, the Houston Branch's executive director.[2] Their complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, as well as various state law claims.[3]

After filing a first amended complaint, Jackson and Dunson attempted to amend their complaint a second time, but the magistrate judge denied their motion, finding *inter alia* that the plaintiffs had made misrepresentations regarding whether their motion was unopposed and had mischaracterized the changes to the complaint. The magistrate judge also recommended the dismissal of Jackson and Dunson's claims for failure to state a cause of action.[4] The district court adopted this recommendation and dismissed all of Jackson and Dunson's claims under Federal Rule of Civil Procedure (Rule) 12(b)(6).[5]

We affirmed the denial of Jackson and Dunson's motion for leave to amend as well as the dismissal of the plaintiffs' RICO claim.[6] Concluding, however, that the district court erred by analyzing Jackson and Dunson's state law claims under Texas law rather than New York law, we vacated the district court's dismissal of those claims and remanded.[7] In doing so, we noted that "it is well-within the district court's discretion on remand to dismiss the state law claims by declining to exercise supplemental jurisdiction."[8] On remand, the

---

[2] *See id.* at 440.

[3] *Id.* at 440.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 441-44.

[7] *Id.* at 444.

[8] *Id.*

No. 14-20010

district court exercised this discretion and dismissed Jackson and Dunson's claims pursuant to 28 U.S.C. § 1367(c).

Jackson and Dunson thereafter filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the judgment or grant relief from it. Citing 28 U.S.C. § 1653 and Rules 15 and 21, Jackson and Dunson claimed that the district court was required to permit them to amend their complaint so as to remove Smith and the Houston Branch as defendants and thereby create complete diversity. Jackson and Dunson attached an amended complaint to the motion. The amended complaint not only dropped the Houston Branch and Smith as parties, but also added a new cause of action, namely fraud under state law. Nowhere in the motion to amend, however, did Jackson and Dunson alert the court to the addition of this new claim. The district court denied the motion and this appeal followed.

## II

Because Jackson and Dunson filed their motion within 28 days of the district court's order, we review it as a motion to alter or amend under Rule 59(e).[9] We review a district court's disposition of such motions for abuse of discretion.[10] However, when that disposition is a denial of a party's motion to amend its complaint, "the considerations for a Rule 59(e) motion are governed by Rule 15(a)."[11] Although we also review the disposition of a Rule 15(a) motion for abuse of discretion, "the district court's discretion is considerably less under Rule 15(a)."[12] "The Supreme Court lists five considerations in determining whether to deny leave to amend a complaint: 'undue delay, bad

---

[9] *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

[10] *Rosenzweig v. Azurix Grp.*, 332 F.3d 854, 863 (5th Cir. 2003); *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

[11] *See Rosenzweig*, 332 F.3d at 864.

[12] *Id.* at 863.

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'"[13] "Absent such factors, the leave sought should, as the rules require, be freely given."[14]

## III

We conclude that the district court did not abuse its discretion in denying Jackson and Dunson's motion to alter or amend. Although the district court did not articulate the reasons for its denial, it need not do so "'[w]hen the reason for the denial is readily apparent.'"[15] In this case, there were numerous, readily apparent reasons to deny the motion to amend. Jackson and Dunson had already been given two opportunities to amend their complaint, and in one of those instances acted in bad faith by misrepresenting substantive changes as "corrections." Despite this court's admonition to the plaintiffs that such surreptitious actions constitute bad faith,[16] Jackson and Dunson again tried to add a substantive cause of action while telling the district court that they were merely curing jurisdictional defects. The district court was not required to condone such actions. Moreover, Jackson and Dunson have offered no reason why they were not able to allege fraud in their earlier complaints or what new facts came to light that established fraud.[17]

---

[13] *Id.* at 864 (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[14] *Id.* (citation and internal quotation marks omitted).

[15] *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).

[16] *Jackson v. NAACP*, 546 F. App'x 438, 441 (5th Cir. 2013).

[17] *See Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419-20 (5th Cir. 2010); *Rosenzweig*, 332 F.3d at 864-65.

Nor do Jackson and Dunson explain why they did not drop Smith and the Houston Branch in their first or second amended complaints, thereby curing the impediment to diversity jurisdiction. They assert, rather, that 28 U.S.C. § 1653 and Rule 21 entitle them to drop parties at any point in the litigation in order to create diversity. We disagree. As the Supreme Court has held, § 1653 permits a party to "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."[18]  Accordingly, the statute permits a party to amend her complaint so as to allege diversity jurisdiction when complete diversity existed from the beginning, but was not alleged because there were other grounds for jurisdiction.[19]  It does not, however, permit a party to *create* diversity. As we have stated, "The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction."[20]  That is precisely what Jackson and Dunson seek to do in this case. Having had their first theory of jurisdiction fail, they now seek to create diversity jurisdiction. As we have repeatedly held, the district court is well within its discretion to deny such attempts to present legal theories *seriatim*.[21]

Rule 21 likewise does not entitle Jackson and Dunson to drop Smith and the Houston Branch. First, Rule 21 likely does not apply in this case, as we have held that Rule 15 takes precedence over Rule 21 when a party "falls within Rule 15 confines."[22]  Moreover, to the extent Rule 21 does apply, the

---

[18] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-32 (1989).

[19] *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-89 (5th Cir. 2000).

[20] *Id.* at 888.

[21] *See, e.g.*, *Rosenzweig*, 332 F.3d at 865; *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

[22] *See Bibbs v. Early*, 541 F.3d 267, 274 n.39 (5th Cir. 2008) (citing *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976), *modified on reh'g on other grounds*, 545 F.2d 919 (5th Cir. 1977)).

No. 14-20010

district court has broad discretion under that provision.[23]  As we hold that the court acted within its more limited Rule 15 discretion in denying Jackson and Dunson's motion, it *a fortiori* acted within the discretion provided by Rule 21.

**\*    \*    \***

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[23] *See, e.g.*, *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Scott v. Pfizer Inc.*, 182 F. App'x 312, 315 (5th Cir. 2006) ("[T]o the extent that Scott's motion to amend was a request to drop the nondiverse parties pursuant to FED. R. CIV. P. 21, the district court did not abuse its discretion in denying the request, given Scott's myriad of shifting theories regarding the basis of jurisdiction.").