# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-40223
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

BRIAN GORDON,

      Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH, doing business as Animal Resource Center; TONI D'AGOSTINO,

      Defendants - Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-42

————

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The University of Texas Medical Branch ("UTMB") fired Brian Gordon from his position as an attending veterinarian after he raised concerns about the treatment of animals at UTMB. Gordon had reported his concerns to his supervisor and a committee charged with oversight of animal testing. He later sued UTMB and his supervisor Toni D'Agostino under 42 U.S.C. § 1983,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging violations of his First Amendment free speech rights and his Fourteenth Amendment due process rights. Gordon also asserted a claim for defamation. The district court dismissed all claims with prejudice, concluding Gordon's First Amended Complaint failed to state a claim under § 1983 and declining to exercise supplemental jurisdiction over the state-law defamation claim. It also denied Gordon the opportunity to again amend his complaint. Without passing upon the concerning allegations of UTMB's treatment of the animals, we affirm the district court's order in all respects but one.[1] We examine both the First Amended Complaint and the proposed Second Amended Complaint below.

For his First Amendment claim, Gordon fails to allege, as he must, that he spoke as a private citizen rather than pursuant to his official duties. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006). "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014). Though he conclusorily states that he spoke as a private citizen, all of the other allegations support one conclusion: that he spoke pursuant to his official job duties.

Gordon bases his claims on reports he made to his supervisor and to the Institutional Animal Care and Use Committee ("IACUC") at UTMB. Research facilities like UTMB must establish an IACUC to oversee the treatment of animals. 9 C.F.R. § 2.31(a). Because the IACUC includes at least one individual unaffiliated with the research facility, *see id.* § 2.31(b)(3)(ii), Gordon believes that UTMB's IACUC was not "simply another form of internal

---

[1] We typically review denial of leave to amend under an abuse of discretion standard. But where, as here, we affirm the denial on the grounds that amendment would be futile, we review de novo—the same standard of review that applies to the district court's decision to dismiss the complaint. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 868, 872 (5th Cir. 2000).

supervision." But the IACUC is considered an "agent of the research facility," and not an outside entity. *Id.* § 2.31(c). It oversees the "activities involving animals" at the research facility. *Id.* Gordon was in a regulatorily required role that was a part of and reported to the IACUC. *See id.* §§ 2.31(d), 2.33(a)(3). The IACUC was a part of UTMB and Gordon's reports were part of his typical job duties; therefore, he acted pursuant to his official duties.

Gordon also fails to sufficiently allege a damages claim for denial of his procedural due process rights. Gordon maintains that he was entitled to, but never received, a "name-clearing hearing." To allege a damages claim for denial of a name-clearing hearing, a plaintiff must allege that he was "discharged, that defamatory charges were made against him in connection with the discharge, that the charges were false, that no meaningful public hearing was conducted pre-discharge, that the charges were made public, that he requested a hearing in which to clear his name, and that the request was denied." *Rosenstein v. City of Dallas*, 876 F.2d 392, 395–96 (5th Cir. 1989) (footnotes omitted), *opinion reinstated in part*, 901 F.2d 61 (5th Cir. 1990) (en banc). Gordon does not identify any statement made "in connection with the discharge" that was "false." *Id.* at 396 n.3.

Instead, Gordon alleges that David Niesel—Gordon's supervisor's supervisor and not a defendant in this suit—told a reporter, months after the termination, that Gordon was "a bad employee" and that he "should not believe anything [Gordon] said." We have held that a plaintiff must allege that the state actor made "concrete, false assertions of wrongdoing on the part of the plaintiff," not offer mere "opinion" about the employee. *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995); *see also San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 702 (5th Cir. 1991) (per curiam) ("The record does not contain, however, any evidence that the City or Hale made a concrete assertion that Kacal condoned the alleged alcohol and drug activity."); *Connelly v.*

No. 17-40223

*Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989) ("The letter to the Westwood charter applicants said that: 'We are of the opinion that Mr. Connelly does not possess the qualifications for the position of President of Westwood National Bank . . . ' The opinion of the Comptroller contains no false factual representations, concrete or otherwise.") (ellipsis in original); *Huffstutler v. Bergland*, 607 F.2d 1090, 1092 (5th Cir. 1979) (per curiam). The comments here are exclusively opinions, rather than "concrete charges" that were connected to Gordon's discharge.   To the extent that Gordon complains about D'Agostino reporting such comments to Niesel, he fails to allege that "the charges were made public." *Rosenstein*, 876 F.2d at 396.

In sum, Gordon does not allege a violation of any of his federal constitutional rights.   Consequently, even considering the allegations in Gordon's proposed Second Amended Complaint, he fails to state a claim for violation of § 1983.[2]

Having dismissed all federal claims, the district court had discretion to decline to exercise supplemental jurisdiction over Gordon's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992).   But when a district court exercises its discretion and dismisses the state-law claims, it must do so without prejudice so that the plaintiff may refile in the appropriate state court. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).   The court erred by dismissing the defamation claim with prejudice.

---

[2] The district court also dismissed all claims asserted against UTMB because, as a state agency, it was entitled to sovereign immunity.   That conclusion is also correct. *See Richardson v. S. Univ.*, 118 F.3d 450, 456 (5th Cir. 1997) (holding that universities may be arms of the state entitled to sovereign immunity); *see also Scott v. Pfizer Inc.*, 182 F. App'x 312, 315 (5th Cir. 2006) ("UTMB is an agency of the State of Texas, giving it Eleventh Amendment immunity.") (per curiam).   Gordon does not meaningfully challenge this conclusion on appeal or identify new allegations in the proposed Second Amended Complaint that would alter the analysis.

No. 17-40223

Accordingly, we VACATE the district court's dismissal with prejudice of Gordon's defamation claim and REMAND for the district court to enter an order dismissing the claim without prejudice. We AFFIRM in all other respects.