# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2022

Lyle W. Cayce
Clerk

No. 22-40160
Summary Calendar

Judy D. Brown,

*Plaintiff—Appellant*,

*versus*

Alixa-RX; Lorraine Dyer; Kelly Simpson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-284

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff Judy Brown ("Brown") sued her former employer, Alixa-RX, and two Alixa-RX supervisors—Lorraine Dyer and Kelly Simpson (collectively, "Defendants"). In her amended complaint, she alleged four claims: 1) violation of company policies and rules; 2) fraudulent inducement

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of employment; 3) hostile work environment; and 4) violation of Texas Penal Code § 37.09. After Defendants filed a motion to dismiss her amended complaint, Brown filed a second amended complaint. Defendants then filed a motion to strike her second amended complaint. The district court granted both of Defendants' motions, and Brown now appeals from the judgment. We AFFIRM.

## BACKGROUND

In October 2020, Brown started working for Alixa-RX as a Collections Specialist. On March 19, 2021, Brown filed her original *pro se* complaint against Defendants in the 219th District Court in Collin County, Texas. Soon after, Defendants removed the case to the Eastern District of Texas, and Brown resigned from her position at Alixa-RX. On April 14, 2021, Brown filed her first amended complaint alleging the four claims listed above. The following week, Defendants filed a motion to dismiss Brown's first amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

On May 17, 2021, the district court[1] entered its scheduling order which, in relevant part, gave Brown an August 6, 2021 deadline for filing amended pleadings and stated that a motion for leave to amend is required. On July 27, 2021, Brown sent Defendants' counsel an email notifying them of her intent to file two motions: "one to extend the date for [her] amended complaint and the [second] that if the case is dismissed that it be dismissed without prejudice." Defendants did not oppose Brown's request to extend her amended pleading deadline to September 6, 2021 but opposed her request regarding dismissal without prejudice. Two days later, Brown

---

[1] This matter was referred to a magistrate judge who entered the scheduling order and ultimately submitted a report and recommendation to the district judge. "District court" refers to both the magistrate judge and district judge assigned to this case.

No. 22-40160

submitted a motion asking for dismissal without prejudice should the case be dismissed and "that the deadline for her Amended Complaint be extended to September 6, 2021, which has been approved by the Defendants." While her motion was still pending, Brown filed a second amended complaint on August 17, 2021 without seeking leave of court. Defendants moved to strike Brown's second amended complaint for violating Federal Rule of Civil Procedure 15 and the court's scheduling order.

On February 14, 2022, the magistrate judge submitted a report recommending that Defendants' motion to dismiss and motion to strike Brown's second amended complaint be granted. Brown timely filed objections. The district judge reviewed the magistrate judge's report and Brown's objections, and, after conducting its own *de novo* review, adopted the magistrate judge's report as the findings and conclusions of the court and granted both of Defendants' motions.

Brown now files this *pro se* appeal challenging the district court's grant of Defendants' motion to strike her second amended complaint as well as the dismissal of some of her claims.

## STANDARD OF REVIEW

Ordinarily, when a party fails to object to an issue in a magistrate judge's report and recommendation after being warned of the requirement to file timely objections, we review that issue for plain-error on appeal. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). When, however, the district court undertakes an independent review of the record as it did here, we review the issues *de novo* despite any lack of objection. *See id.* "This exception to the usual plain-error standard is especially relevant in the context of *pro se* cases." *Id.* at 248-49 (citing *Fogarty v. USA Truck, Inc.*, 242 F. App'x 152, 154 (5th Cir. 2007) (unpublished)).

Therefore, we review the district court's dismissal for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) *de novo*. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). When a party files multiple Rule 12 motions, we must consider the Rule 12(b)(1) jurisdictional attack before considering the Rule 12(b)(6) merits challenge. *See id.* The party responding to the 12(b)(1) motion bears the burden of proof that subject matter jurisdiction exists. *See id.* For a Rule 12(b)(6) dismissal, we look to the allegations in the complaint and attached documents to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). A claim is plausible on its face if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 349–50 (quotations omitted).

We review the grant of a motion to strike for abuse of discretion. *See Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

## DISCUSSION

We first address Brown's hostile work environment claim based on alleged violations of Medicaid rules since the district court dismissed it on jurisdictional grounds. In issue six, Brown claims the district court erred in assuming Brown intended to assert her hostile work environment claim under federal employment law. Brown did not clearly state the statutory basis for her hostile work environment claim, so the district court analyzed it under Title VII. The district court concluded that Brown's hostile work environment claim could not proceed for several reasons: 1) Brown had not first exhausted her administrative remedies; 2) she cannot seek individual liability against her former supervisors for hostile work environment; and 3) she failed to state a claim since she had not identified her membership in a

protected class. Brown now disavows that her hostile work environment claim is brought under federal employment law. Instead, she states that the basis for her hostile work environment claim was her "calling Medicaid patients for money and the response she got when she made those calls." However, the district court also addressed this contention that alleged violations of Medicaid rules could give rise to a hostile work environment claim. Brown cited no authority that employees have standing to bring claims based on their employer's alleged violation of Medicaid rules under either state or federal law, and the district court found none. Accordingly, "[t]o the extent [Brown's] hostile work environment claim arises from alleged Medicaid violations Defendants asked her to commit as an employee," the district court dismissed the claim for lack of jurisdiction. That conclusion is correct because neither the Medicaid Act nor the Medicare Act provide a private cause of action against private providers of services. *See Scott v. Pfizer Inc.*, 182 F. App'x 312, 315–16 (5th Cir. 2006) (unpublished) (per curiam).[2]

We now turn to the district court's grant of Defendants' motion to strike. In issue one, Brown asserts that the district court "erred in using a Local Rule to trump a Federal Rule in dismissing the complaint." Brown claims she received written consent from Defendants' counsel to amend her pleading thereby satisfying the requirements of the federal rule. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). But she did not receive written consent from Defendants' counsel to amend her pleading. Defendants only agreed not to oppose her request to extend the deadline for filing her amended complaint. Brown's submission of her second amended

---

[2] Although an unpublished opinion issued on or after January 1, 1996 is generally not precedential, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

complaint did not comply with the federal rule or the court's scheduling order, so the district court did not abuse its discretion when it struck the complaint.

In issues two, three, and four, Brown claims the district court failed to review certain documents, her response to Defendants' motion to dismiss, and the case law she submitted in support of her complaint. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Some of the documents Brown refers to in issues two, three, and four were not attached to her complaint, so they were not properly before the district court in its consideration of Defendants' motion to dismiss. Besides that, the district court clearly reviewed the content of her complaint, the exhibits attached to it, and Brown's response to Defendants' motion to dismiss. Accordingly, each of these issues are without merit.

In issue five, Brown challenges the dismissal of her claim that Defendants violated portions of Alixa-RX's Rules and Procedures manual. After surveying Texas courts and sister courts addressing the issue, the district court found that an employee has no cause of action against her employer for a violation of the company's policies under Texas law. We agree—Texas courts have not recognized a private cause of action for a company's failure to follow its own internal policies or procedures. *See, e.g.*, *Fort Worth Transp. Auth. v. Thomas*, 303 S.W.3d 850, 859 n.17 (Tex. App.—Fort Worth 2009, pet. denied) ("[A]s a general rule, employee handbooks and policy manuals constitute general guidelines in the employment relationship and do not create implied contracts between the employer and employee that alter the at-will employment relationship."); *Washington v. Naylor Indus. Servs., Inc.,* 893 S.W.2d 309, 312 (Tex.App.—Houston [1st

Dist.] 1995, no writ) (holding that a company's internal policies do not constitute a contract with its at-will employee). The district court correctly dismissed this claim.

Brown did not raise her claims for fraudulent inducement of employment or violation of Texas Penal Code § 37.09 on appeal, so those issues are waived. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived."). In Brown's remaining issues on appeal, she raises new claims about violations of the American Bar Association's Model Rules of Professional Conduct, the Texas Disciplinary Rules of Professional Conduct, whistleblower laws, the False Claims Act, and Minnesota law. Because Brown raised these for the first time on appeal instead of before the district court, we need not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

For these reasons, we AFFIRM the district court.